**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

---

**AIDA PEREZ *et al.*, on behalf of themselves and all others similarly situated,**

**Plaintiffs,**

-against-

**EQUITY PRIME MORTGAGE, LLC,**

**Defendant.**

---

**Case No. _____**

**COLLECTIVE AND CLASS ACTION COMPLAINT**

---

Plaintiffs AIDA PEREZ ("Perez"), DAYANARA VELASQUEZ ("Velasquez") and BETSAIDA JARVIS ("Jarvis") (together with Perez and Velasquez, "Plaintiffs"), individually and on behalf of all others similarly situated, bring this Collective Action Complaint against Defendant EQUITY PRIME MORTGAGE, LLC ("Equity Prime"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*., and supporting United States Department of Labor regulations. Plaintiff Perez also brings this Class Action Complaint against Equity Prime seeking all available relief under New Jersey State Wage and Hour Law ("NJWHL"). Plaintiff Velasquez also brings this Class Action Complaint against Equity Prime seeking all available relief under New York Labor Law ("NYLL") Article 6, §§ 190, *et seq.*, and Article 19, §§ 650, *et seq.*, and supporting New York State Department of Labor regulations. Plaintiff Jarvis also brings this Class Action Complaint against Equity Prime seeking all available relief under Mass. Gen. L. c. 151 §§ 1A, 1B and accompanying regulations ("Massachusetts Labor Law"). The following allegations are based on personal knowledge and are made on information and belief as to the acts of others.

## SUMMARY OF CLAIMS

1.      Plaintiffs bring this action for recovery of unpaid overtime compensation as a

1

collective action pursuant to the FLSA.

2.      Plaintiff Perez also brings this action for recovery of unpaid overtime compensation as a class action pursuant to the NJWHL.

3.      Plaintiff Velazquez also brings this action for recovery of unpaid overtime compensation as a class action pursuant to the NYLL.

4.      Plaintiff Jarvis also brings this action for recovery of unpaid overtime compensation as a class action pursuant to Massachusetts Labor Law.

5.      Defendant Equity Prime is national mortgage lender.

6.      As part of its business operations, Equity Prime employs exempt-classified Loan Openers, Loan Closers and Loan Processors (a/k/a Account Managers) (collectively, "Loan Employees").

7.      Plaintiff Perez worked for Equity Prime as a Loan Closer.

8.      Plaintiff Velasquez worked for Equity Prime as a Loan Processor.

9.      Plaintiff Jarvis worked for Equity Prime as a Loan Opener and subsequently a Loan Processor.

10.     Defendant classified Plaintiffs, along with all other Loan Employees, as exempt from overtime and therefore failed to pay any overtime to Plaintiffs and the similarly situated Loan Employees.

11.     Plaintiffs and all other similarly situated Loan Employees were required to work more than 40 hours in a workweek while employed by Equity Prime in order to complete their job duties.  However, as a result of Equity Prime's policies and/or practices, Equity Prime failed to pay Plaintiffs and the similarly situated Loan Employees overtime at the required rate of time-and-one-half for all hours worked in excess of 40 in a workweek.

12.     Equity Prime's systematic failure and refusal to pay Plaintiffs and all other similarly situated Loan Employees for all hours worked over 40 in a workweek violates the FLSA, NJWHL, NYLL and Massachusetts Labor Law.

13.     Plaintiffs seek full compensation on behalf of themselves and the members of the FLSA Collective (as defined, *infra*) for all unpaid overtime, including liquidated damages under the FLSA. Plaintiffs also seek declaratory and injunctive relief. Plaintiffs additionally seek reasonable attorneys' fees and costs under the FLSA, along with pre-judgment and post-judgment interest, as well as any other relief allowable by law.

14.     Plaintiff Perez also seeks full compensation on behalf of herself and the members of the New Jersey Class (as defined, *infra*) for all unpaid overtime, including treble damages under New Jersey law.  Perez also seeks declaratory and injunctive relief.  Perez additionally seeks reasonable attorneys' fees and costs under the NJWHL, along with pre-judgment and post-judgment interest, as well as any other relief allowable by law.

15.     Plaintiff Velasquez also seeks full compensation on behalf of herself and the members of the New York Class (as defined, *infra*) for all unpaid overtime, including liquidated damages under New York law.  Velasquez also seeks declaratory and injunctive relief.  Velasquez additionally seeks reasonable attorneys' fees and costs under the NYLL, along with pre-judgment and post-judgment interest, as well as any other relief allowable by law.

16.     Plaintiff Jarvis also seeks full compensation on behalf of herself and the members of the Massachusetts Class (as defined, *infra*) for all unpaid overtime, including treble damages under Massachusetts law.  Jarvis also seeks declaratory and injunctive relief.  Jarvis additionally seeks reasonable attorneys' fees and costs under Massachusetts Labor Law, along with pre-judgment and post-judgment interest, as well as any other relief allowable by law.

3

## JURISDICTION AND VENUE

17.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331.

This Court has supplemental jurisdiction over the New Jersey, New York, and Massachusetts

state law claims under 28 U.S.C. § 1367(a) because they are so related to this action that they

form part of the same case or controversy.

18.     Venue in this district is proper pursuant to 28 U.S.C. § 1391.  At all material times,

Defendant maintained an office and transacted business in this District, and a substantial part of

the events or omissions giving rise to the claims occurred in this District.

19.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C.

§§ 2201 and 2202.

## PARTIES

### *Plaintiffs*

#### *Aida Perez*

20.     Plaintiff Aida Perez resides in New Jersey.  Perez was employed by Equity Prime

as a Loan Employee from approximately September 2023 through approximately March 2024 in

Mt. Olive, New Jersey.

21.     Throughout her employment as a Loan Employee with Equity Prime, Perez

regularly worked more than 40 hours in a workweek. For example, Perez worked more than 40

hours per week during the week of October 20, 2023.

22.     The work Perez performed was at the direction and benefit of Equity Prime.

23.     Pursuant to Equity Prime's policy of misclassifying all Loan Employees as

exempt, Perez was not paid overtime compensation for the hours she worked over 40 in a

workweek.

24.    Perez's written consent to join this action is attached. *See* **Exhibit A**.

*Dayanara Velasquez*

25.    Plaintiff Dayanara Velasquez resides in New York.  Velasquez was employed by Equity Prime as a Loan Employee from approximately November 2020 through approximately July 2023 in Valley Stream, New York.

26.    Throughout her employment as a Loan Employee with Equity Prime, Velasquez regularly worked more than 40 hours in a workweek.  For example, Velasquez worked more than 40 hours per week during the week of March 19, 2023.

27.    The work Velasquez performed was at the direction and benefit of Equity Prime.

28.     Pursuant to Equity Prime's policy of misclassifying all Loan Employees as exempt, Velasquez was not paid overtime compensation for the hours she worked over 40 in a workweek.

29.    Velasquez's written consent to join this action is attached. *See* **Exhibit B**.

*Betsaida Jarvis*

30.    Plaintiff Betsaida Jarvis resides in Massachusetts.  Jarvis was employed by Equity Prime as a Loan Employee from approximately February 2021 through approximately July 2022 in Methuen, Massachusetts.

31.    Throughout her employment as a Loan Employee with Equity Prime, Jarvis regularly worked more than 40 hours in a workweek.  For example, Jarvis worked more than 40 hours per week during the week of May 1, 2022.

32.    The work Jarvis performed was at the direction and benefit of Equity Prime.

33.    Pursuant to Equity Prime's policy of misclassifying all Loan Employees as exempt, Jarvis was not paid overtime compensation for the hours she worked over 40 in a

workweek.

34.    Jarvis' written consent to join this action is attached. *See* **Exhibit C**.

***Defendant***

35.    Equity Prime Mortgage, LLC is a national mortgage lender based in Atlanta, Georgia.

36.    At all relevant times, Equity Prime employed or acted in the interest of an employer towards Plaintiffs and other similarly situated current and former Loan Employees and, among other things, maintained control, oversight and direction over Plaintiffs and other Loan Employees, including with respect to timekeeping, payroll and other employment practices that applied to them.

37.    Equity Prime applies the same employment policies, practices, and procedures to all Loan Employees nationwide.

38.    Equity Prime is a covered employer within the meaning of the FLSA because, among other things, it employs individuals, including Plaintiffs, who are engaged in interstate commerce or in the production of goods for interstate commerce.

39.    At all relevant times, Equity Prime has had gross revenues exceeding $500,000.00 for all relevant time periods.

40.    At all relevant times, Equity Prime has done business under the laws of the State of Massachusetts, maintains a place of business in this judicial district, and has employed Loan Officers in this judicial district.

41.    Equity Prime is a an "employer" as that term is used in the FLSA, NJWHL, NYLL, and Massachusetts Labor Law.

## <u>COMMON FACTUAL ALLEGATIONS</u>

42.     Equity Prime is a national mortgage lender.

43.     As part of its workforce, Equity Prime employs exempt-classified Loan Employees whose primary duties include clerical work, obtaining, reviewing and preparing documents, handling calls, and otherwise ensuring that loan applications were compiled in accordance with Equity Prime's internal policies and procedures and standard underwriting guidelines.

44.     Pursuant to a centralized, company-wide policy, pattern and/or practice, Equity Prime classified all Loan Employees as exempt from coverage of the overtime provisions of the FLSA, New Jersey, New York law and Massachusetts law.

45.     Although Loan Employees regularly work a significant amount of time beyond 40 hours per week, Equity Prime does not pay them for this overtime work.

46.     Consistent with Equity Prime's policy and/or practice, Plaintiffs and the members of the FLSA Collective, New Jersey Class, New York Class and Massachusetts Class regularly worked in excess of 40 hours per workweek without being paid overtime compensation.

47.     The work performed by Plaintiffs, FLSA Collective members, New Jersey Class members, New York Class members and Massachusetts Class members, as Loan Employees was performed in the normal course of Equity Prime's business and was integral to Equity Prime's business.

48.     The work performed by Plaintiffs, FLSA Collective members, New Jersey Class members, New York Class members and Massachusetts Class members, constitutes compensable work time under the FLSA, New Jersey law, New York law and Massachusetts law and was not preliminary, postliminary or *de minimis.*

49.     Pursuant to corporate policy, Equity Prime classifies its Loan Employees as exempt from overtime pay requirements even though, and in contravention of the FLSA, New Jersey law, New York law and Massachusetts law, Loan Employees do not qualify for any FLSA exemption.

50.     Equity Prime's unlawful conduct, as described above, was willful and/or in reckless disregard of the applicable laws pursuant to Equity Prime's centralized, company-wide policy and/or practice of attempting to minimize labor costs by violating the FLSA, New Jersey law, New York law and Massachusetts law.

51.     Due to the foregoing, Equity Prime's failure to pay overtime wages at an appropriate overtime rate of pay for work performed by Plaintiffs, FLSA Collective members, New Jersey Class members, New York Class members, and Massachusetts Class members in excess of (40) hours per week was willful.

52.     Defendant's conduct was knowing, willful, carried out in bad faith, and caused significant damages to Plaintiffs, FLSA Collective members, New Jersey Class members, New York Class members, and Massachusetts Class members, in an amount to be determined at trial. Defendant did not take requisite steps to ensure that Plaintiffs, FLSA Collective members, New Jersey Class members, New York Class members, and Massachusetts Class members, were paid for all time worked.

53.     Equity Prime's unlawful conduct has been widespread, repeated, and consistent.

54.     All work performed by Plaintiffs, FLSA Collective members, New Jersey Class members, New York Class members, and Massachusetts Class members, was assigned by Equity Prime, who is aware of the work that performed.

55.     Plaintiffs are informed, believe, and thereon allege that Defendant's unlawful

conduct has been widespread, repeated, and consistent as to FLSA Collective members, New Jersey Class members, New York Class members, and Massachusetts Class members, throughout Defendant's operations in New Jersey, New York, Massachusetts and the United States.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

56.    Pursuant to the state law requirements as set forth in Mass. Gen. L. c. 149 § 150, Jarvis filed her Massachusetts statutory claims with the Office of the Attorney General on April 7, 2025.

## COLLECTIVE ACTION ALLEGATIONS

57.    Plaintiffs bring the First Cause of Action (the FLSA claim) as an "opt in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and a proposed collective of similarly situated employees defined as:

> All current and former employees of Defendant working as Loan Employees throughout the United States during the time period from three years prior to the filing of this Complaint through until resolution of this action.

(the "FLSA Collective").

58.    Plaintiffs and other Loan Employees are similarly situated in that they have substantially similar job duties and are subject to, common and widespread compensation policies and/or practices.

59.    Inasmuch as Equity Prime is a substantial corporate entity aware of its obligations under the FLSA, it acted willfully or recklessly in failing to classify Plaintiffs and other similarly situated Loan Employees as non-exempt employees.

60.    As further evidence of its willful or reckless failure to classify Plaintiffs and other

similarly situated Loan Employees – and notwithstanding being a substantial corporate entity aware of its legal obligations – Equity Prime has uniformly failed to (1) accurately track or record actual hours worked by Loan Employees; and (2) provide Loan Employees with a method to accurately record the hours actually worked.

61.     Equity Prime was or should have been aware that federal law required it to pay employees performing non-exempt duties an overtime premium for hours worked over 40 per week.

62.     Upon information and belief, and as part of its regular business practices, Equity Prime has intentionally, willfully and repeatedly engaged in a practice and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective members.  This policy and/or practice includes but it is not limited to:

      a.   willfully misclassifying Plaintiffs and the FLSA Collective members as exempt from the requirements of the FLSA; and

      b.   willfully failing to pay Plaintiffs and the FLSA Collective members overtime wages for hours that they worked in excess of 40 hours per week.

63.     Plaintiffs are the representative of the members of the FLSA Collective and are acting on behalf of their interests as well as their own interests in bringing this action.

64.     Plaintiffs will fairly and adequately represent and protect the interests of the members of the FLSA Collective.  Plaintiffs have retained counsel competent and experienced in employment and wage and hour class action and collective action litigation.

65.     The similarly situated members of the FLSA Collective are known to Defendant, are readily identifiable, and may be located through Defendant's records.  These similarly situated employees may readily be notified of this action and allowed to "opt-in" to this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, unpaid overtime compensation, liquidated damages (or, alternatively, interest), and attorneys'

fees and costs under the FLSA.

66.     Plaintiffs contemplate providing a notice or notices to all members of the FLSA Collective, as approved by the Court. The notice or notices shall, among other things, advise each of the Loan Employees that they shall be entitled to "opt in" to the collective action if they so request by the date specified within the notice, and that any judgment on the collective action, whether favorable or not, entered in this case will bind all FLSA Collective members who timely request inclusion in the FLSA Collective.

## CLASS ACTION ALLEGATIONS UNDER FED. R. CIV. P. 23

*The New Jersey Class*

67.     Plaintiff Perez brings the Second Cause of Action (the New Jersey Class Claims) as an "opt-out" class action pursuant to Federal Rule of Civil Procedure 23 on behalf of:

> All current and former employees of Defendant working as Loan Employees throughout the State of New Jersey during the time period from six years prior to the filing of this Complaint through until resolution of this action.

 (the "New Jersey Class").

68.     Excluded from the New Jersey Class are Defendant; legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New Jersey Class.

69.     **Numerosity**:  Upon information and belief, Defendant has employed at least 50 or more Loan Employees, up to potentially hundreds of Loan Employees, in New Jersey during the applicable statutory period. The number of New Jersey Class members are therefore far too numerous to be individually joined in this lawsuit.  However, the exact number of such persons

11

are not known to Plaintiff Perez because the facts on which the calculation of that number can be

based are presently within the sole control of Defendant.

70.    **Existence and Predominance of Common Questions**:  There are questions of

law and fact common to Plaintiff Perez and the New Jersey Class members that predominate over

any questions affecting only individual members of the New Jersey Class.  These common

questions of law and fact include, without limitation:

      a.  Whether Defendant employed Plaintiff Perez and the New Jersey Class members within the meaning of the NJWHL;

      b.  Whether Defendant failed to pay Plaintiff Perez and the New Jersey Class members for all of the hours they worked;

      c.  Whether Defendant failed to pay Plaintiff Perez and the New Jersey Class the legally required amount of overtime compensation for hours worked in excess of 40 hours per workweek, in violation of the NJWHL and the regulations promulgated thereunder;

      d.  Whether Defendant is liable for all damages claimed by Plaintiff Perez and the New Jersey Class, including, without limitation, compensatory, treble damages, interest, costs and disbursements, and attorneys' fees; and

      e.  Whether Defendant should be enjoined from continuing to violate the NJWHL in the future.

71.    **Typicality**:  Plaintiff Perez's claims are typical of the claims of the New Jersey

Class.  Defendant's common policies, practices, and course of conduct in violation of law as

alleged herein have caused Plaintiff Perez and the New Jersey Class members to sustain the same

or similar injuries and damages. Plaintiff Perez's claims are thereby representative of and co-

extensive with the claims of the New Jersey Class.

72.    **Adequacy**:  Plaintiff Perez will fairly and adequately represent and protect the

interests of the New Jersey Class because her interests do not conflict with the interests of the

members of the New Jersey Class she seeks to represent. Plaintiff Perez has retained Counsel

competent and experienced in complex employment and wage and hour class action litigation and intends to prosecute this action vigorously. Plaintiff Perez and her Counsel will fairly and adequately protect the interests of the New Jersey Class.

73.    **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all New Jersey Class members is not practicable, and questions of law and fact common to Plaintiff Perez and putative New Jersey Class members predominate over any questions affecting only individual members of the New Jersey Class. The injury suffered by each New Jersey Class member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendant economically feasible. Individualized litigation increases the delay and expense to all Parties and the Court. By contrast, class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the Court.

74.    In the alternative, the New Jersey Class may be certified because the prosecution of separate actions by the individual members of the New Jersey Class would create a risk of inconsistent or varying adjudication with respect to individual members of the New Jersey Class, and, in turn, would establish incompatible standards of conduct for Defendant.

75.    Class treatment will allow those similarly situated persons to litigate their claims in the manner most efficient and economical for the Parties and the judicial system.

76.    Plaintiff Perez knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

77.    Plaintiff Perez intends to send notice to all New Jersey Class members to the extent required under applicable class action procedures. Plaintiff Perez contemplates providing a notice

or notices to the New Jersey Class, as approved by the Court. The notice or notices shall, among other things, advise the New Jersey Class that they shall be entitled to "opt out" of the class certified for the New Jersey Class if they so request by a date specified within the notice, and that any judgment on the New Jersey Class, whether favorable or not, entered in this case will bind all New Jersey Class members except those who affirmatively exclude themselves by timely opting out.

***The New York Class***

78.     Plaintiff Velasquez brings the Third through Fifth Causes of Action (the New York Class Claims) as an "opt-out" class action pursuant to Federal Rule of Civil Procedure 23 on behalf of:

> All current and former employees of Defendant working as Loan Employees throughout the State of New York during the time period from six years prior to the filing of this Complaint through until resolution of this action.

 (the "New York Class").

79.     Excluded from the New York Class are Defendant; legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New York Class.

80.     **Numerosity**:  Upon information and belief, Defendant has employed at least 50 or more Loan Employees, up to potentially hundreds of Loan Employees, in New York during the applicable statutory period. The number of New York Class members are therefore far too numerous to be individually joined in this lawsuit.  However, the exact number of such persons are not known to Plaintiff Velasquez because the facts on which the calculation of that number

can be based are presently within the sole control of Defendant.

81.    **Existence and Predominance of Common Questions**:  There are questions of law and fact common to Plaintiff Velasquez and the New York Class members that predominate over any questions affecting only individual members of the New York Class.  These common questions of law and fact include, without limitation:

a.    Whether Defendant employed Plaintiff Velasquez and the New York Class members within the meaning of the NYLL;

b.    Whether Defendant failed to pay Plaintiff Velasquez and the New York Class members for all of the hours they worked;

c.    Whether Defendant failed to pay Plaintiff Velasquez and the New York Class the legally required amount of overtime compensation for hours worked in excess of 40 hours per workweek, in violation of the NYLL and the regulations promulgated thereunder;

d.    Whether Defendant is liable for all damages claimed by Plaintiff Velasqez and the New York Class, including, without limitation, compensatory, liquidated damages, interest, costs and disbursements, and attorneys' fees; and

e.    Whether Defendant should be enjoined from continuing to violate the NYLL in the future.

82.    **Typicality**:  Plaintiff Velasquez's claims are typical of the claims of the New York Class.  Defendant's common policies, practices, and course of conduct in violation of law as alleged herein have caused Plaintiff Velasquez and the New York Class members to sustain the same or similar injuries and damages. Plaintiff Velasquez's claims are thereby representative of and co-extensive with the claims of the New York Class.

83.    **Adequacy**:  Plaintiff Velasquez will fairly and adequately represent and protect the interests of the New York Class because her interests do not conflict with the interests of the members of the New York Class she seeks to represent.  Plaintiff Velasquez has retained Counsel competent and experienced in complex employment and wage and hour class action litigation and

intends to prosecute this action vigorously.  Plaintiff Velasquez and her Counsel will fairly and adequately protect the interests of the New York Class.

84.    **Superiority**:  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all New York Class members is not practicable, and questions of law and fact common to Plaintiff Velasquez and putative New York Class members predominate over any questions affecting only individual members of the New York Class.  The injury suffered by each New York Class member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendant economically feasible. Individualized litigation increases the delay and expense to all Parties and the Court. By contrast, class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the Court.

85.    In the alternative, the New York Class may be certified because the prosecution of separate actions by the individual members of the New York Class would create a risk of inconsistent or varying adjudication with respect to individual members of the New York Class, and, in turn, would establish incompatible standards of conduct for Defendant.

86.    Class treatment will allow those similarly situated persons to litigate their claims in the manner most efficient and economical for the Parties and the judicial system.

87.    Plaintiff Velasquez knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

88.    Plaintiff Velasquez intends to send notice to all New York Class members to the extent required under applicable class action procedures. Plaintiff Velasquez contemplates providing a notice or notices to the New York Class, as approved by the Court. The notice or

notices shall, among other things, advise the New York Class that they shall be entitled to "opt out" of the class certified for the New York Class if they so request by a date specified within the notice, and that any judgment on the New York Class, whether favorable or not, entered in this case will bind all New York Class members except those who affirmatively exclude themselves by timely opting out.

***The Massachusetts Class***

89.    Plaintiff Jarvis brings the Sixth Cause of Action (the Massachusetts Class Claims) as an "opt-out" class action pursuant to Federal Rule of Civil Procedure 23 on behalf of:

> All current and former employees of Defendant working as Loan Employees throughout the State of Massachusetts during the time period from three years prior to the filing of this Complaint through until resolution of this action.

 (the "Massachusetts Class").

90.    Excluded from the Massachusetts Class are Defendant; legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Massachusetts Class.

91.    **Numerosity**:  Upon information and belief, Defendant has employed at least 50 or more Loan Employees, up to potentially hundreds of Loan Employees, in Massachusetts during the applicable statutory period. The number of Massachusetts Class members are therefore far too numerous to be individually joined in this lawsuit.  However, the exact number of such persons are not known to Plaintiff Jarvis because the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

92.    **Existence and Predominance of Common Questions**:  There are questions of

law and fact common to Plaintiff Jarvis and the Massachusetts Class members that predominate over any questions affecting only individual members of the Massachusetts Class. These common questions of law and fact include, without limitation:

      a.  Whether Defendant employed Plaintiff Jarvis and the Massachusetts Class members within the meaning of Massachusetts Labor Law;

      b.  Whether Defendant failed to pay Plaintiff Jarvis and the Massachusetts Class members for all of the hours they worked;

      c.  Whether Defendant failed to pay Plaintiff Jarvis and the Massachusetts Class the legally required amount of overtime compensation for hours worked in excess of 40 hours per workweek, in violation of Massachusetts Labor Law and the regulations promulgated thereunder;

      d.  Whether Defendant is liable for all damages claimed by Plaintiff Jarvis and the Massachusetts Class, including, without limitation, compensatory damages, treble damages, any other damages incurred, interest, costs and disbursements, and attorneys' fees; and

      e.  Whether Defendant should be enjoined from continuing to violate Massachusetts Labor Law in the future.

93.    **Typicality**: Plaintiff Jarvis' claims are typical of the claims of the Massachusetts Class. Defendant's common policies, practices, and course of conduct in violation of law as alleged herein have caused Plaintiff Jarvis and the Massachusetts Class members to sustain the same or similar injuries and damages. Plaintiff Jarvis' claims are thereby representative of and co-extensive with the claims of the Massachusetts Class.

94.    **Adequacy**: Plaintiff Jarvis will fairly and adequately represent and protect the interests of the Massachusetts Class because her interests do not conflict with the interests of the members of the Massachusetts Class she seeks to represent. Plaintiff Jarvis has retained Counsel competent and experienced in complex employment and wage and hour class action litigation and intends to prosecute this action vigorously. Plaintiff Jarvis and her Counsel will fairly and adequately protect the interests of the Massachusetts Class.

95.    **Superiority**:  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Massachusetts Class members is not practicable, and questions of law and fact common to Plaintiff Jarvis and putative Massachusetts Class members predominate over any questions affecting only individual members of the Massachusetts Class.  The injury suffered by each Massachusetts Class member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendant economically feasible. Individualized litigation increases the delay and expense to all Parties and the Court. By contrast, class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the Court.

96.    In the alternative, the Massachusetts Class may be certified because the prosecution of separate actions by the individual members of the Massachusetts Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Massachusetts Class, and, in turn, would establish incompatible standards of conduct for Defendant.

97.    Class treatment will allow those similarly situated persons to litigate their claims in the manner most efficient and economical for the Parties and the judicial system.

98.    Plaintiff Jarvis knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

99.    Plaintiff Jarvis intends to send notice to all Massachusetts Class members to the extent required under applicable class action procedures. Plaintiff Jarvis contemplates providing a notice or notices to the Massachusetts Class, as approved by the Court. The notice or notices shall, among other things, advise the Massachusetts Class that they shall be entitled to "opt out"

of the class certified for the Massachusetts Class if they so request by a date specified within the notice, and that any judgment on the Massachusetts Class, whether favorable or not, entered in this case will bind all Massachusetts Class members except those who affirmatively exclude themselves by timely opting out.

### FIRST CAUSE OF ACTION
**Violation of FLSA – Unpaid Overtime**
**(By Plaintiffs Individually and on behalf of the FLSA Collective)**

100.    Plaintiffs reallege and incorporate the foregoing paragraphs as though fully set forth herein.

101.    The FLSA requires that covered employees receive compensation for all hours worked and overtime compensation at not less than one and one-half times the regular rate of pay for all hours worked in excess of 40 hours in a workweek.  29 U.S.C. § 207(a)(1).

102.    At all times material herein, Plaintiffs and the FLSA Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA.

103.    Defendant is a covered employer required to comply with the FLSA's mandates.

104.    Defendant has violated the FLSA with respect to Plaintiffs and the FLSA Collective, by, *inter alia*, failing to compensate Plaintiffs and the FLSA Collective for all hours worked and, with respect to such hours, failing to pay the legally mandated overtime premium for such work and/or minimum wage.  *See* 29 U.S.C. § 206; 29 U.S.C. § 207 (a), (g); 29 C.F.R. § 531.35. Defendant has also violated the FLSA by failing to keep required, accurate records of all hours worked by Plaintiffs and the FLSA Collective.  29 U.S.C. § 211(c).

105.    Plaintiffs and the FLSA Collective are victims of a uniform and company-wide compensation policy of failing to pay overtime based upon the decision to misclassify Loan Employees as exempt. This uniform policy, in violation of the FLSA, has been applied to current and former Loan Employees who worked for Defendant, working in offices throughout the United

States.

106.    Plaintiffs and the FLSA Collective are entitled to damages equal to the mandated pay, including straight time, and overtime premium pay, calculated inclusive of all non-discretionary bonuses, commissions, and other renumeration earned, within the three years preceding the filing of the original complaint, as tolled by agreement of the parties, equity, order of the Court, or otherwise, because Defendant has acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

107.    Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

108.    As a result of the aforesaid violations of the FLSA's provisions, pay, including straight time and overtime compensation, has been unlawfully withheld by Defendant from Plaintiffs and the FLSA Collective. Accordingly, Defendant is liable for unpaid wages, together with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

**SECOND CAUSE OF ACTION**
**Violation of NJWHL – Unpaid Overtime**
**(By Plaintiff Perez Individually and on behalf of the New Jersey Class)**

109.    Plaintiff Perez re-alleges each paragraph of this Complaint as though fully set forth herein.

110.    Plaintiff Perez and New Jersey Class members worked in excess of 40 hours per week with Defendant's knowledge and at Defendant's direction.

111.    Defendant intentionally and willfully failed to pay Plaintiff Perez and New Jersey

Class members overtime premium pay for hours worked in excess of 40 per week.

112.    Plaintiff Perez and the New Jersey Class did not qualify for an exemption from overtime compensation.

113.    Defendant's failure to pay Plaintiff Perez and the New Jersey Class overtime compensation violates the provisions of the NJWHL.

114.    Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff Perez and members of the New Jersey Class and failed to furnish each of them their wage and hour records showing all wages earned and due for all work performed for labor or services rendered.

115.    By Defendant's reckless, knowing and/or intentional failure to pay Plaintiff Perez and the New Jersey Class members overtime wages for hours worked in excess of 40 hours per week, it has willfully violated the NJWHL.

116.    Due to Defendant's unlawful conduct and willful violation of the NJWHL, as set forth herein, Plaintiff Perez and the New Jersey Class sustained damages, including overtime wages, in an amount to be established at trial, treble damages, prejudgment interest, costs, and attorneys' fees pursuant to statute and other applicable law.

**THIRD CAUSE OF CTION**
**NYLL - Unpaid Overtime**
**(By Plaintiff Velasquez Individually and on behalf of the New York Class)**

117.    Plaintiff Velasquez, on behalf of herself and all members of the New York Class, realleges and incorporates by reference all allegations in all preceding paragraphs.

118.    At all relevant times, Defendant has been an "employer" within the meaning of N.Y. Lab. Law §§ 190, 651.

119.    At all relevant times, Defendant employed Loan Officers, including Plaintiff

Velasquez and each of the members of the New York Class, within the meaning of N.Y. Lab. Law §§ 190, 651.

120.    NYLL requires an employer, such as Defendant, to pay overtime compensation to all non-exempt employees.  Plaintiff Velasquez and all members of the New York Class are not exempt from overtime pay requirements under NYLL.

121.    At all relevant times Defendant had a policy and practice of failing and refusing to pay overtime pay to Plaintiff Velasquez and members of the New York Class for their hours worked in excess of 40 hours per workweek.

122.    By failing to pay wages earned and due to Plaintiff Velasquez and members of the New York Class for their hours worked in excess of 40 hours per workweek, Defendant has violated N.Y. Labor Law Article 6, §190 et seq., Article 19, § 650 et seq., and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.  These violations were willful within the meaning of N.Y. Labor Law §§ 198, 663.

123.    Plaintiff Velasquez, on behalf of herself and members of the putative New York Class, seeks damages in the amount of the respective unpaid wages earned and due at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, as provided by N.Y. Labor Law Article 6, §190 *et seq.*, Article 19, § 650 *et seq.*, and N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2, and such other legal and equitable relief as this Court deems just and proper.

124.    Plaintiff Velasquez, on behalf of herself and members of the New York Class, seeks recovery of attorneys' fees and costs of this action to be paid by Defendant as provided by N.Y. Lab. Law §§ 198, 663.

**FOURTH CAUSE OF ACTION**
**NYLL – Failure to Provide Wage Notices**
**(By Plaintiff Velasquez Individually and on Behalf of the New York Class)**

125.    Plaintiff Velasquez, on behalf of herself and all members of the New York Class, realleges and incorporates by reference all allegations in all preceding paragraphs.

126.    Defendant has willfully failed to supply the Plaintiff Velasquez and the members of the New York Class with wage notices at the time of their hire, as required by the NYLL, Article 6, § 195(1), in English or in the language identified as their primary language, containing their hourly rate or rates of pay and overtime rates of pay.

127.    Through its knowing or intentional failure to provide Plaintiff Velasquez and the New York Class Members with the wage notices required by the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

128.    Due to Defendant's willful violations of NYLL, Article 6, § 195(1), Plaintiff Velasquez and New York Class Members are entitled to statutory penalties of $50 for each workday that Defendant failed to provide them with wage notices, or up to a total of $5,000, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-b).

**FIFTH CAUSE OF ACTION**
**NYLL – Failure to Provide Accurate Wage Statements**
**(By Plaintiff Velasquez Individually and on Behalf of the New York Class)**

129.    Plaintiff Velasquez, on behalf of herself and all members of the New York Class, realleges and incorporates by reference all allegations in all preceding paragraphs.

130.    Defendant has willfully failed to supply Plaintiff Velasquez and members of the New York Class with accurate statements of wages as required by the NYLL, Article 6, § 195(3),

containing the tip allowance claimed as part of the minimum wage.

131.    Through its knowing or intentional failure to provide Plaintiff Velasquez and the New York Class with the accurate wage statements required by the NYLL, Defendant has willfully violated NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

132.    Due to Defendant's willful violations of NYLL, Article 6, § 195(3), Plaintiff Velasquez and New York Class are entitled to statutory penalties of $250 for each workweek that Defendant failed to provide them with accurate wage statements, or a total of up to $5,000, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-d).

<u>**SIXTH CAUSE OF ACTION**</u>
**Massachusetts Labor Law – Unpaid Overtime Wages**
**(By Plaintiff Jarvis Individually and on Behalf of the Massachusetts Class)**

133.    Plaintiff Jarvis realleges and incorporates by reference all allegations in all preceding paragraphs.

134.    At all times relevant, Jarvis and the members of the Massachusetts Class have been employees and Defendant have been employers within the meaning of the Massachusetts Labor Law.

135.    Jarvis and the members of the Massachusetts Class are covered by Massachusetts Labor Law and accompanying regulations.

136.    Defendant employed Jarvis and the members of the Massachusetts Class.

137.    Defendant failed to pay Jarvis and the members of the Massachusetts Class wages to which they are entitled under Massachusetts Labor Law.

138.    Defendant failed to pay Jarvis and the members of the Massachusetts Class

overtime for all hours worked over forty in a workweek.

139.    Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Jarvis and the Massachusetts Class members.

140.    Defendant's violations of Massachusetts Labor Law, as described in this Complaint, have been willful and intentional.

141.    Due to Defendant's violations of Massachusetts Labor Law, Jarvis and the members of the Massachusetts Class are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees and costs of the action, treble damages, penalties, any other damages incurred, and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, the FLSA Collective, the New Jersey Class, the New York Class and the Massachusetts Class are entitled to, and pray for the following relief:

a.    Designation of this action as an FLSA collective action on behalf of Plaintiffs and the FLSA Collective, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b.    Certification of the New Jersey Class pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), and the appointment of Plaintiff Perez and her counsel to represent the members of the New Jersey Class;

c.    Certification of the New York Class pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), and the appointment of Plaintiff Velasquez and her counsel to represent the members of the New York Class;

d.      Certification of the Massachusetts Class pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), and the appointment of Plaintiff Jarvis and her counsel to represent the members of the Massachusetts Class;

e.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA, NJWHL, NYLL and Massachusetts Labor Law;

f.      An injunction requiring Defendant to cease its unlawful practices under, and comply with the FLSA, NJWHL, NYLL and Massachusetts Labor Law;

g.      An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay, inclusive of all non-discretionary renumeration earned, due under the FLSA, NJWHL, NYLL and Massachusetts Labor Law;

h.      An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay pursuant to 29 U.S.C. § 216;

i.      An award of treble damages pursuant to the NJWHL;

j.      An award of treble damages pursuant to Massachusetts Labor Law;

k.      An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

l.      An award of prejudgment and post-judgment interest;

m.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees and an award of a service payment to the Plaintiffs; and

n.      Such other and further relief as this Court deems just and proper.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.


Dated: April 7, 2025                              Respectfully submitted,


                                                 _s/ Hillary Schwab_____
                                                 Hillary Schwab (BBO# 666029)
                                                 FAIR WORK, P.C.
                                                 192 South Street, Suite 450
                                                 Boston, MA 02111
                                                 (617) 607-3261
                                                 hillary@fairworklaw.com

                                                 Paolo Meireles*
                                                 Gregg I. Shavitz*
                                                 Tamra Givens*
                                                 SHAVITZ LAW GROUP, P.A.
                                                 622 Banyan Trail, Suite 200
                                                 Boca Raton, FL  33431
                                                 (561) 447-8888
                                                 pmeireles@shavitzlaw.com
                                                 gshavitz@shavitzlaw.com
                                                 tgivens@shavitzlaw.com

                                                 *_Pro Hac Vice_ Application Forthcoming