## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AIDA PEREZ *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EQUITY PRIME MORTGAGE, LLC,<br><br>Defendant. | Case No. 1:25-CV-10841-MJJ |

## DEFENDANT'S ANSWER TO COMPLAINT

Defendant Equity Prime Mortgage, LLC ("Defendant") hereby answers the Complaint of Plaintiffs Aida Perez, Dayanara Velasquez, and Betsaida Jarvis  ("Plaintiffs").

The introductory paragraph contains a summary of the claims and an assertion as to the basis of the allegations in the Complaint.  No answer to this summary is required.  To the extent any response is required, Defendant denies the allegations therein.

## SUMMARY OF CLAIMS[1]

1.      Paragraph 1 states legal claims brought by Plaintiffs, to which no response is required.  To the extent any response is required, Defendant denies the allegations therein.

2.      Paragraph 2 states legal claims brought by Plaintiffs, to which no response is required.  To the extent any response is required, Defendant denies the allegations therein.

3.      Paragraph 3 states legal claims brought by Plaintiffs, to which no response is required.  To the extent any response is required, Defendant denies the allegations therein.

---

[1] Defendant restates the headings as a convenience for the Court.  Defendant does not adopt any of the headings or the statements or allegations therein.

4.      Paragraph 4 states legal claims brought by Plaintiffs, to which no response is required.  To the extent any response is required, Defendant denies the allegations therein.

5.      Admits the allegations in paragraph 5.

6.      Admits that at certain times, Defendant employed loan openers, loan closers and loan processors and classified them as exempt.  Defendant is without basis to affirm or deny the remaining allegations in paragraph 6, and on that basis denies the allegations therein.

7.      Admits the allegations in paragraph 7.

8.      Admits the allegations in paragraph 8.

9.      Admits the allegations in paragraph 9.

10.     Admits that Plaintiffs and other loan processing employees were classified as exempt at certain times.  Denies the remaining allegations in paragraph 10.

11.     Denies the allegations in paragraph 11.

12.     Denies the allegations in paragraph 12.

13.     Paragraph 13 is a summary of the relief sought by Plaintiffs, to which no response is required.  To the extent any response is required, Defendant denies the allegations therein.

14.     Paragraph 14 is a summary of the relief sought by Plaintiffs, to which no response is required.  To the extent any response is required, Defendant denies the allegations therein.

15.     Paragraph 15 is a summary of the relief sought by Plaintiffs, to which no response is required.  To the extent any response is required, Defendant denies the allegations therein.

16.     Paragraph 16 is a summary of the relief sought by Plaintiffs, to which no response is required.  To the extent any response is required, Defendant denies the allegations therein.

## JURISDICTION AND VENUE

17.     Paragraph 17 contains a legal conclusion, to which no response is required. To the extent any response is required, Defendant denies the allegations therein.

18.     Paragraph 18 contains a legal conclusion, to which no response is required. To the extent any response is required, Defendant denies the allegations therein.

19.     Paragraph 19 contains a legal conclusion, to which no response is required. To the extent any response is required, Defendant denies the allegations therein.

## PARTIES

20.     Defendant admits that Plaintiff Perez worked for Defendant but denies that the dates are accurately stated. Defendant is without basis to affirm or deny the remaining allegations in paragraph 20, and on that basis denies the allegations therein.

21.     Denies the allegations in paragraph 21.

22.     Admits that Plaintiff Perez worked for Defendant, but Defendant does not admit to the characterizations otherwise contained in paragraph 22.

23.     Denies the allegations in paragraph 23.

24.     Defendant is without basis to affirm or deny the allegations in paragraph 24, and on that basis denies the allegations therein.

25.     Defendant admits that Plaintiff Velasquez worked for Defendant but denies that the dates are accurately stated. Defendant is without basis to affirm or deny the remaining allegations in paragraph 25, and on that basis denies the allegations therein.

26.     Denies the allegations in paragraph 26.

27.     Admits that Plaintiff Velasquez worked for Defendant, but Defendant does not admit to the characterizations otherwise contained in paragraph 27.

28.      Denies the allegations in paragraph 28.

29.      Defendant is without basis to affirm or deny the allegations in paragraph 24, and on that basis denies the allegations therein.

30.      Defendant admits that Plaintiff Jarvis worked for Defendant but denies that the dates are accurately stated.  Defendant is without basis to affirm or deny the remaining allegations in paragraph 30, and on that basis denies the allegations therein.

31.      Denies the allegations in paragraph 31.

32.      Admits that Plaintiff Jarvis worked for Defendant, but Defendant does not admit to the characterizations otherwise contained in paragraph 32.

33.      Denies the allegations in paragraph 33.

34.      Defendant is without basis to affirm or deny the allegations in paragraph 34, and on that basis denies the allegations therein.

35.      Admits the allegations in paragraph 35.

36.      Admits that Defendant employed Plaintiffs.  Defendant is without basis to affirm or deny the remaining allegations in paragraph 36, and on that basis denies the allegations therein.

37.      Denies the allegations in paragraph 37.

38.      Paragraph 38 contains a legal conclusion, to which no response is required.  To the extent any response is required, Defendant denies the allegations therein.

39.      As the allegations in paragraph 39 are vague as to the time period referenced, Defendant is without basis to affirm or deny the allegations in paragraph 39, and on that basis denies the allegations therein.

40.     As the allegations in paragraph 40 are vague as to the time period referenced, Defendant is without basis to affirm or deny the allegations in paragraph 40, and on that basis denies the allegations therein.

41.     Paragraph 41 contains a legal conclusion, to which no response is required.

## COMMON FACTUAL ALLEGATIONS

42.     Admits the allegations in paragraph 42.

43.     Admits that Defendant employs Loan Employees and that certain of the duties of those Loan Employees are described in paragraph 43.  Defendant denies the remaining allegations in paragraph 43.

44.     Admits that at certain times Defendant has classified various categories of Loan Employees as exempt, denies the remaining allegations in paragraph 44.

45.     Denies the allegations in paragraph 45.

46.     Denies the allegations in paragraph 46.

47.     Defendant is without basis to affirm or deny the allegations in paragraph 47, and on that basis denies the allegations therein.

48.     Denies the allegations in paragraph 48.

49.     Denies the allegations in paragraph 49.

50.     Denies the allegations in paragraph 50.

51.     Denies the allegations in paragraph 51.

52.     Denies the allegations in paragraph 52.

53.     Denies the allegations in paragraph 53.

54.     Defendant is without basis to affirm or deny the allegations in paragraph 54, and on that basis denies the allegations therein.

55.    Denies the allegations in paragraph 55.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

56.    Defendant is without basis to affirm or deny the remaining allegations in paragraph 56, and on that basis denies the allegations therein.

## COLLECTIVE ACTION ALLEGATION

57.    Paragraph 57 is a summary of the proposed class, to which no response is required. To the extent any response is required, Defendant denies the allegations therein.

58.    Denies the allegations in paragraph 58.

59.    Denies the allegations in paragraph 59.

60.    Denies the allegations in paragraph 60.

61.    Denies the allegations in paragraph 61.

62.    Denies the allegations in paragraph 62.

63.    Defendant is without basis to affirm or deny the allegations in paragraph 63, and on that basis denies the allegations therein.

64.    Defendant is without basis to affirm or deny the allegations in paragraph 64, and on that basis denies the allegations therein.

65.    Defendant is without basis to affirm or deny the allegations in paragraph 65, and on that basis denies the allegations therein.

66.    Defendant is without basis to affirm or deny the allegations in paragraph 66, and on that basis denies the allegations therein.

## CLASS ACTION ALLEGATIONS UNDER FED. R. CIV. P. 23

67.    Paragraph 67 is a summary of the proposed class, to which no response is required. To the extent any response is required, Defendant denies the allegations therein.

68.     Paragraph 68 contains a legal conclusion, to which no response is required.  To the extent any response is required, Defendant denies the allegations therein.

69.     Denies the allegations in paragraph 69.

70.     Denies the allegations in paragraph 70.

71.     Denies the allegations in paragraph 71.

72.     Denies the allegations in paragraph 72.

73.     Denies the allegations in paragraph 73.

74.     Denies the allegations in paragraph 74.

75.     Denies the allegations in paragraph 75.

76.     Defendant is without basis to affirm or deny the allegations in paragraph 76, and on that basis denies the allegations therein.

77.     Defendant is without basis to affirm or deny the allegations in paragraph 77, and on that basis denies the allegations therein.

78.     Paragraph 78 is a summary of the proposed class, to which no response is required. To the extent any response is required, Defendant denies the allegations therein.

79.     Paragraph 79 contains a legal conclusion, to which no response is required.  To the extent any response is required, Defendant denies the allegations therein.

80.     Denies the allegations in paragraph 80.

81.     Denies the allegations in paragraph 81.

82.     Denies the allegations in paragraph 82.

83.     Denies the allegations in paragraph 83.

84.     Denies the allegations in paragraph 84.

85.     Denies the allegations in paragraph 85.

86.     Denies the allegations in paragraph 86.

87.     Defendant is without basis to affirm or deny the allegations in paragraph 87, and on that basis denies the allegations therein.

88.     Defendant is without basis to affirm or deny the allegations in paragraph 88, and on that basis denies the allegations therein.

89.     Paragraph 89 is a summary of the proposed class, to which no response is required. To the extent any response is required, Defendant denies the allegations therein.

90.     Paragraph 90 contains a legal conclusion, to which no response is required.  To the extent any response is required, Defendant denies the allegations therein.

91.     Denies the allegations in paragraph 91.

92.     Denies the allegations in paragraph 92.

93.     Denies the allegations in paragraph 93.

94.     Denies the allegations in paragraph 94.

95.     Denies the allegations in paragraph 95.

96.     Denies the allegations in paragraph 96.

97.     Denies the allegations in paragraph 97.

98.     Defendant is without basis to affirm or deny the allegations in paragraph 98, and on that basis denies the allegations therein.

99.     Defendant is without basis to affirm or deny the allegations in paragraph 99, and on that basis denies the allegations therein.

**FIRST CAUSE OF ACTION**
**Violation of FLSA – Unpaid Overtime**
**(By Plaintiffs Individually and on Behalf of the FLSA Collective)**

100.    As its answer to paragraph 100, Defendant realleges and incorporates its answers to the foregoing paragraphs as though fully set forth herein.

101.    Paragraph 101 contains a legal conclusion, to which no response is required.  To the extent any response is required, Defendant denies the allegations therein.

102.    Paragraph 102 contains a legal conclusion, to which no response is required.  To the extent any response is required, Defendant denies the allegations therein.

103.    Paragraph 103 contains a legal conclusion, to which no response is required.  To the extent any response is required, Defendant denies the allegations therein.

104.    Denies the allegations in paragraph 104.

105.    Denies the allegations in paragraph 105.

106.    Denies the allegations in paragraph 106.

107.    Denies the allegations in paragraph 107.

108.    Denies the allegations in paragraph 108.

**SECOND CAUSE OF ACTION**
**Violation of NJWHL – Unpaid Overtime**
**(By Plaintiff Perez Individually and on Behalf of the New Jersey Class)**

109.    As its answer to paragraph 109, Defendant realleges and incorporates its answers to the foregoing paragraphs as though fully set forth herein.

110.    Denies the allegations in paragraph 110.

111.    Denies the allegations in paragraph 111.

112.    Denies the allegations in paragraph 112.

113.    Denies the allegations in paragraph 113.

114.    Denies the allegations in paragraph 114.

115.    Denies the allegations in paragraph 115.

116.    Denies the allegations in paragraph 116.

**THIRD CAUSE OF ACTION**
**NYLL - Unpaid Overtime**
**(By Plaintiff Velasquez and on Behalf of the New York Class)**

117.    As its answer to paragraph 117, Defendant realleges and incorporates its answers to the foregoing paragraphs as though fully set forth herein.

118.    Paragraph 118 contains a legal conclusion, to which no response is required.  To the extent any response is required, Defendant denies the allegations therein.

119.    Paragraph 119 contains a legal conclusion, to which no response is required.  To the extent any response is required, Defendant denies the allegations therein.

120.    Denies the allegations in paragraph 120.

121.    Denies the allegations in paragraph 121.

122.    Denies the allegations in paragraph 122.

123.    Paragraph 123 is a summary of the relief sought by Plaintiffs, to which no response is required.  To the extent any response is required, Defendant denies the allegations therein.

124.    Paragraph 124 is a summary of the relief sought by Plaintiffs, to which no response is required.  To the extent any response is required, Defendant denies the allegations therein.

**FOURTH CAUSE OF ACTION**
**NYLL – Failure to Provide Wage Notices**
**(By Plaintiff Velasquez and on Behalf of the New York Class)**

125.    As its answer to paragraph 125, Defendant realleges and incorporates its answers to the foregoing paragraphs as though fully set forth herein.

126.    Denies the allegations in paragraph 126.

127.    Denies the allegations in paragraph 127.

128.    Denies the allegations in paragraph 128.

**FIFTH CAUSE OF ACTION**
**NYLL – Failure to Provide Accurate Wage Statements**
**(By Plaintiff Velasquez and on Behalf of the New York Class)**

129.    As its answer to paragraph 129, Defendant realleges and incorporates its answers to the foregoing paragraphs as though fully set forth herein.

130.    Denies the allegations in paragraph 130.

131.    Denies the allegations in paragraph 131.

132.    Denies the allegations in paragraph 132.

**SIXTH CAUSE OF ACTION**
**Massachusetts Labor Law - Unpaid Overtime Wages**
**(By Plaintiff Jarvis and on Behalf of the Massachusetts Class)**

133.    As its answer to paragraph 109, Defendant realleges and incorporates its answers to the foregoing paragraphs as though fully set forth herein.

134.    Paragraph 134 contains a legal conclusion, to which no response is required.  To the extent any response is required, Defendant denies the allegations therein.

135.    Paragraph 135 contains a legal conclusion, to which no response is required.  To the extent any response is required, Defendant denies the allegations therein.

136.    Admits that Defendant employed Jarvis but is without basis to affirm or deny the remaining allegations in paragraph 136, and on that basis denies the allegations therein.

137.    Denies the allegations in paragraph 137.

138.    Denies the allegations in paragraph 138.

139.    Denies the allegations in paragraph 139.

140.    Denies the allegations in paragraph 140.

141.    Denies the allegations in paragraph 141.

## PRAYER FOR RELIEF

The last section of Plaintiffs' Complaint addressing the relief they seek merely sets forth legal conclusions and the relief Plaintiffs seek, all with which Defendant disagrees and to which no response is required.  To the extent a response is deemed necessary, Defendant denies any allegations contained in this section.

## JURY TRIAL DEMAND

No response is required to Plaintiff's demand for a jury trial.  EPM reserves all rights with respect to its right to a jury trial on any of the claims asserted.

## AFFIRMATIVE AND OTHER DEFENSES[2]

1.    Plaintiffs' and the purported class's claims are barred, in whole or in part, for failure to state a claim upon which relief may be granted.

2.    Plaintiffs' and the purported class's claims are barred to the extent they fall outside the applicable statute of limitations.

3.    At all times relevant hereto, Defendant acted in good faith and has not violated any rights which may be secured to Plaintiffs or the purported class under any federal, state, or local laws, rules, regulations or guidelines.

4.    Plaintiffs' claims are barred, in whole or in part, because Defendant properly compensated Plaintiffs and the purported class under all relevant state and federal statutes.

---

[2] By pleading any matter as a defense, Defendant does not concede that it bears the burden of proof with regard to such matter.

5.    Plaintiffs' claims are barred, in whole or in part, because, at all times material to the Complaint, Defendant did not willfully fail to comply with any cited federal or state statute but acted in good faith and in conformity with relevant guidance.

6.    Plaintiffs have not shown that any alleged violation of any cited law was willful such that a longer limitations period would apply.

7.    Plaintiffs' and the purported class's claims are barred to the extent they seek relief from persons or entities that were not their employer.

8.    Plaintiffs' and the purported class's claims are barred, in whole or in part, to the extent they have failed to exhaust administrative remedies and/or prerequisites and conditions before filing this action.

9.    Plaintiffs' and the purported class's claims are barred to the extent such damages were not caused by any acts and/or omissions of Defendant.

10.    All amounts owed to Plaintiffs and the purported class have been paid.

11.    To the extent Plaintiffs and the purported class are entitled to damages, the Defendant is entitled to a credit or set off against amounts overpaid to Plaintiffs in the course of their employment.

12.    This action may not be properly maintained as a class action because Plaintiffs cannot establish the necessary procedural elements for class treatment, a class action is not an appropriate method for fair and efficient adjudication of the claims described in the Complaint, common issues of fact or law do not predominate, individual issues of fact or law predominate, Plaintiffs' claims are not representative or typical of the claims of the putative class, Plaintiffs are not an adequate representative for the alleged putative class, and there is not a well-defined community of interest in the questions of law or fact affecting Plaintiffs and the members of the

alleged putative class.  Moreover, the purported Class is not ascertainable and/or defined by objective criteria without the need for individualized analyses to determine class membership.

13.    To the extent any of Plaintiffs' and the purported class's allegations have not specifically been denied above, they are hereby denied by Defendant.

14.    Because the Complaint is phrased in conclusory terms and/or because there has been no discovery in this matter, Defendant cannot fully anticipate all defenses which may be applicable to this action.  Accordingly, the right to assert additional defenses, to the extent such defenses are applicable, is hereby reserved.

WHEREFORE, Defendant respectfully requests that Plaintiffs' Complaint be dismissed in its entirety and that it be awarded its costs and expenses incurred in defending against this action, including reasonable attorneys' fees as allowed for by law.

Dated: November 1, 2025                     Respectfully Submitted,


                                            Respectfully submitted,

                                            EQUITY PRIME MORTGAGE, LLC
                                            By its attorneys,
                                            */s/ Sarah B. Herlihy*
                                            Sarah B. Herlihy, BBO # 640531
                                            Herlihy Law LLC
                                            54 Piedmont Street
                                            Boston, MA  0216
                                            sherlihy@herlihylawllc.com
                                            (617) 755-3869

**CERTIFICATE OF SERVICE**

I certify that on this date I served a copy of the foregoing document on counsel for the Plaintiff using the Court's ECF system.

                                            */s/ Sarah B. Herlihy*
                                            Sarah B. Herlihy

14