**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| **AIDA PEREZ *et al.*, on behalf of themselves and all others similarly situated,**<br><br>              **Plaintiffs,**<br>     **-against-**<br><br>**EQUITY PRIME MORTGAGE, LLC,**<br><br>              **Defendant.** | **Case No. 1:25-CV-10841-MJJ** |

**DECLARATION OF PAOLO C. MEIRELES IN SUPPORT OF**
**PLAINTIFFS' MOTION FOR SANCTIONS**

1.      I am a partner with the Shavitz Law Group, P.A. ("SLG"), and co-counsel of record for Plaintiffs and the proposed Collective and Classes in this matter.  I submit this declaration in support of Plaintiffs' Motion to Sanctions (the "Motion").  The facts set forth herein are based upon personal knowledge unless otherwise stated.  If called as a witness, I could and would competently testify thereto.

2.      Plaintiffs filed this matter as a Collective and Class Action Complaint ("Complaint"), alleging that they and others similarly situated were misclassified as employees exempt from the overtime protections of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and analogous state wage and hour law.  ECF No. 1.

3.      On November 19, 2025, the parties participated in their Fed R. Civ. P. 26(f) conference.  Relatedly, on December 3, 2025, the parties filed their Joint Statement pursuant to Fed. R. Civ. P. 16(b) and 26(f) ("Joint Statement") in which they agreed, as subsequently adopted by the Court, that discovery proceed in a "bifurcated" fashion, with the first phase of the case focused on "discovery into the nature of the claims of the individually named Plaintiffs and any opt-in plaintiffs

1

who may join this action prior to the end of this first phase (including for example, their job duties, the work they claim to have performed, and the hours they claim to have worked), as well as conditional certification discovery directed toward the issue of whether Plaintiffs' FLSA claims can be conditionally certified as a collective action." ECF No. 27 at p. 3-4; ECF No. 29 and 30.

4.      On November 19, 2025, shortly after the Parties Fed. R. Civ. P. 26(f) conference, Plaintiffs served on Defendant their First Set of Interrogatories ("Rogs") and First Set of Requests for Production ("RFPs") (together with Rogs, "Plaintiffs' Discovery"). Attached hereto as **Exhibit 1** is a true and correct copy of the Plaintiffs Rogs. Attached hereto as **Exhibit 2** is a true and correct copy of Plaintiffs' RFPs.

5.      Defendant's responses to Plaintiffs' Discovery were due on Friday, December 19, 2025. Defendant failed to timely respond to Plaintiffs' Discovery, and failed to seek an extension of same in advance of the December 19, 2025 deadline.

6.      On December 23, 2025, the undersigned e-mailed Defendant's counsel, writing:

> Discovery responses were due this past Friday, December 19. We have not received anything. Please advise.

**Exhibit 3** (a true and correct copy of the e-mail correspondence between the parties) at p. 6. Defendant did not respond to Plaintiffs' e-mail.

7.      On December 30, 2025, Plaintiffs' counsel again wrote Defendant's counsel, stating:

> We didn't receive a response on the below. Please advise what works to confer on the outstanding discovery.

*Id.* at p. 6. Defendant did respond to this second e-mail, and the parties conferred on the outstanding discovery via telephone on January 9, 2026. *Id.* at pp. 3-6.

8.      During the January 9 conferral, Defendant's counsel represented that (i) responses to the Rogs would be served by end of that day, January 9, 2026; and (ii) responses to RFPs including

2

responsive documents would be served the following week.  The undersigned reminded Defendant that in the future, requests for extension of deadlines should be sought in advance of the deadline; particularly here as the deadline to respond to discovery had come and gone several weeks earlier. Defendant's counsel confirmed that she understood.

9.      Notwithstanding the conferral, Defendant failed to respond to the Rogs by close of business January 9, 2026, and failed to respond to Plaintiff's RFPs or produce responsive documents during the following week, as otherwise promised.

10.      On January 16, 2026, Plaintiffs' counsel e-mailed Defendant's counsel stating:

> Please provide all information responsive to plaintiffs' interrogatories and requests for production (including all documents) by 4 pm ET Monday, or will need to proceed with filing our motion.

*Id.* at p. 3.

11.      Defendant never produced any discovery responses.   Accordingly, on January 21, 2026, Plaintiffs filed their Motion to Compel Discovery Responses ("Motion to Compel").  ECF No. 31

12.      Pursuant to Local Rule 37.1(c), Defendant's opposition to the Motion to Compel was due by February 4, 2026.  Defendant never filed its opposition, nor did it provide discovery responses, by the February 4, 2026 deadline.

13.      By February 11, 2026, Defendant had still yet to file an opposition to Plaintiffs' Motion to Compel, or otherwise respond to discovery.  On that date, the Court entered its Order, "grant[ing] Plaintiffs' Motion to Compel[,] deem[ing] Defendant's objections waived[, and ordering] Defendant [to] respond to Plaintiffs' Discovery Requests within fourteen (14) days of the Court's order," i.e., by February 25, 2026.  ECF No. 33

14.      By February 26, 2026, the day after production was due by Court order, Plaintiffs

were yet to receive anything from Defendant.  Plaintiffs wrote to Defendant that same day, February 26, 2026, stating:

> Discovery responses were due yesterday, February 26, 2026.  We have not received anything.  Please advise what works within the next week to confer.

Exhibit 3 at p. 2

15.     Defendant responded on February 27, 2026, stating:

> Paolo – apologies for the late response, my email was apparently having issues.  You should have gotten a drop box link – I will resend when I am back in front of my actual computer.

Exhibit 3 at 2.  Plaintiffs' counsel immediately responded, stating:

> Nothing received. Please advise what works for a conference.

Exhibit 3 at 1.

16.     On March 2, 2026, Plaintiffs were still yet to receive any production.  On that same day, Defendant wrote:

> Paolo – did you get the drop box link?  Let me know. I'm in and out due to a personal matter today, but available Wed.

Exhibit 3 at 1.  Plaintiffs' counsel responded, stating:

> We did not.

Exhibit 3 at 1.

17.     The next evening, at 7:20 pm on March 3, 2026, Defendant finally emailed Plaintiffs' counsel a Dropbox link with an *extremely* limited and incomplete production of documents consisting only of essentially: (i) personnel files for seven out of eleven Plaintiffs and Opt-in Plaintiffs; (ii) an employee handbook; (iii) some, but apparently not all, job descriptions at issue; and (iv) and an organizational chart.  Moreover, despite claiming on March 2, 2026, that the Dropbox link had already been provided uploading the (deficient) production (*see supra*), Dropbox reflects

4

that the production, though incomplete as it was, was only uploaded in the late hours of March 3, 2026.  *See* **Exhibit 4** (10:21 am eastern, March 4, 2026, screenshot of Defendant's Dropbox upload reflecting the documents had only been uploaded 15 hours earlier, or 7:21 pm on March 3, 2026, belying Defendant's claim that the link weas provided on March 2, 2026 or earlier – seemingly, yet *another* misrepresentation regarding the status of discovery responses).

18.    On March 4, 2026, the parties conferred regarding the incomplete production, outstanding written responses, and Defendant's (lack of) compliance with the Court's Order on the Motion to Compel.[1]  **Among other things**, Defendant **assured** Plaintiffs:

a. RFP written responses had already been uploaded to the Dropbox (in fact, the RFP responses were yet to be produced at the time of that representation was made, *see infra*).  The responses did not assert any objections, and noted that responsive documents "would be" produced.  Defendant also agreed to provide supplemental responses confirming that the production had been completed and that no responsive documents were being withheld with respect to each and every request;

b. Complete, verified Rogs responses would be produced by the end of the day;

c. The missing four personnel files would be produced by the end of the day;

d. A responsive California-based complaint would be produced by the end of the day;

e. A complete "class list" would be produced by close of business the following day;

f. Responsive e-mail boxes for Plaintiffs and Opt-in Plaintiffs, outstanding job

---

[1]    During this conferral, Defendant's counsel identified the following overtime-wage, exempt-classified job titles that Defendant was utilizing as part of the definition of applicable "Loan Employee" for purposes of this lawsuit, as previously discussed by the parties over the course of this matter, and for which documents such as job descriptions were produced (*see supra*) and/or were being sought for production, and which would otherwise be included in the promised but as-of-yet-to-be-produced class list (*see infra*): account executives wholesale; account executives; account managers wholesale; account managers; branch disclosure specialists; broker success analysts; broker success analyst team leads; closers; collateral document specialists; customer support representatives; disclosure desk; disclosure desk administrators; FHA specialists; final document specialists; fulfillment document specialists; funders; government insurance leads; government insuring specialists; government securitization specialists; jr. account executives; loss mitigation coordinators; operations assistants; pipeline support specialists; post closers; processing assistants; processing assistants; processing support specialists; processors; renovation specialists; retail MLO supports; trailing doc specialists; underwriters; underwriting assistants; wholesale account manages; wholesale account managers; wholesale administrator; wholesale closer; wholesale disclosure desk; wholesale operations support specialist; wholesale operations support specialists II; wholesale operations support specialists III; and wholesale pipeline managers.  Accordingly, any certification should include employees holding any of these titles

descriptions, Plaintiffs and Opt-in Plaintiffs' pay records, additional versions of the employee handbook, policy documents, and additional responsive complaints (both formal and informal), would be produced, "if any";

g. Defendant would confirm with its IT department that requested electronically stored information did not exist and/or otherwise pull and produce same; and

h. Defendant would confer internally and advise what was searched and the manner of search to ensure all responsive documents were collected and produced.[2]

Attached hereto as **Exhibit 5** is a true and correct copy of the post-call summary e-mail Plaintiffs' counsel sent to Defendant.[3]

19.    By the end of the day on March 4, 2026, none of the promised production had been made.  In fact, the only thing produced was the initial RFP responses which Defendant claimed had already been produced (*see supra*), which had been uploaded by Defendant to the Dropbox only **after** the parties March 4, 2026 conferral (wherein Defendant claimed it had **already** been produced).   Exhibit 5 at p. 1 ("[W]e can see from the dropbox that the purported "initial" RFP responses were uploaded yesterday after our call."); *see also* **Exhibit 6** (a true and correct copy of Defendant's initial RFP responses, served electronically on March 3, 2026 but which shockingly includes a "certificate of service" reflecting a February 25, 2026 service date despite Plaintiffs never having received any such production, *see supra*).

---

[2]    During conferral, Defendant's counsel claimed (i) Defendant has no electronically stored information showing when putative collective members (many of whom worked remotely) accessed Defendant's systems and software (to show time worked); (ii) Defendant has no internal written policies or procedures responsive to *any* of Plaintiffs' requests other than an employee handbook; and (ii) Defendant "does not use e-mail much," and so there were no responsive e-mails to produce in response to *any* of Plaintiffs' requests.  However, Defendant's counsel was unable to advise what was searched or the manner of search, including whether any e-mails were actually searched and what, if any, keywords were used, casting significant doubt on whether a company of Defendant's size has performed an adequate, legally sufficient search of responsive documents and produced same in compliance with this Court's Order, particularly given the numerous misrepresentations to date regarding the status of discovery (*see supra* and *infra*).

[3]    Plaintiffs' March 5, 2026 summary e-mail noted, "[i]f you disagree with any aspects of this summary, please advise by close of business Friday, March 6, 2026.  Otherwise, we will assume this summary is accurate."  Exhibit 5 at p. 2.  As of the date of this filing, Defendant is yet to provide any objections and/or otherwise respond to the March 5, 2026 summary, other than to advised on March 5, 2025 that that Defendant's counsel was "[t]urning back to my emails now and will respond."  Exhibit 5 at p. 1.  No response has been received.

20.     In fact, as of the date of filing the instant Motion, beyond the "initial" RFP responses that Defendant claimed had already been produced (which had not been at the time the representation was made), nothing else has been produced.   Rogs responses have not been produced; the supplemental (and required) RFP response have not been produced; outstanding personnel files have not been produced; the California-based complaint documents have not been produced; the collective list has not been produced; Plaintiffs' and Opt-in Plaintiffs' e-mail boxes have not been produced; additional versions of the employee handbook and/or *any* policy documents have not been produced; responsive complaints (formal and informal) have not been produced; and no information regarding what was searched and the manner of search (whether electronically stored information, internal documents, and/or e-mails) has been provided.

21.     As of the date of this filing, Defendant has not sought any extension regarding its deadline to produce discovery.

*****

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct to the best of my knowledge, and that this declaration was executed at Boca Raton, Florida on March 14, 2026.

*/s/ Paolo C. Meireles*
Paolo Meireles*
SHAVITZ LAW GROUP, P.A.
622 Banyan Trail, Suite 200
Boca Raton, FL  33431
(561) 447-8888
pmeireles@shavitzlaw.com

**Pro Hac Vice* Admitted

**Attorneys for Plaintiffs and the Putative Collective and Class**

7