IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

<table>
<tr><td>AIDA PEREZ <em>et al.</em>, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>    -against-<br><br>EQUITY PRIME MORTGAGE, LLC,<br><br>Defendant.</td><td>Case No. 1:25-CV-10841-MJJ</td></tr>
</table>

**PLAINTIFFS' FIRST SET
OF INTERROGATORIES TO DEFENDANT**

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and the Rules of the United States District Court for the District of Massachusetts ("Local Rules"), Plaintiffs AIDA PEREZ ("Perez"), DAYANARA VELASQUEZ ("Velasquez"), and BETSAIDA JARVIS ("Jarvis") (together, "Plaintiffs"), request that Defendant EQUITY PRIME MORTGAGE, LLC ("Defendant") serve written answers to the following interrogatories, under oath, within thirty (30) days after service hereof and in accordance with the definitions and instructions below. If the answer to any interrogatory is contained in a record, document, computer disk, or any other written or recorded material, Plaintiffs request that, pursuant to FED. R. CIV. P. 34, each such document, record, computer disk or other written or recorded material be attached to the answers to these interrogatories or be made available for inspection and copying within thirty (30) days after service hereof.

1

## <u>DEFINITIONS AND INSTRUCTIONS</u>

For the purposes of these requests, the following definitions and instructions shall apply:

A.  All definitions and rules of construction set forth in the Federal Rules of Civil Procedure and the United States District Court for the District Massachusetts shall apply to all requests herein. All definitions contained herein, supplement, but do not restrict such definitions.

B.  "Plaintiff" or "Plaintiffs" means all persons identified as Plaintiffs in the caption.

C.  "Opt-Ins" means all persons who have filed consent forms to join this matter anytime during the pendency of this litigation.

D.  "Defendant" or "Equity Prime" refers to the Defendant, EQUITY PRIME MORTGAGE, LLC, however substituted or amended.

E.  The use of the singular shall include the plural and vice versa and the masculine form of any word includes the feminine and vice versa.

F.  The term "Document" or "Documents", as used herein, shall include, without limitation any written, typed, printed, recorded, graphic, computer generated or other matter of any kind from which information can be derived, whether produced, reproduced or stored on paper, cards, tape, film, electronic facsimile, computer storage devices (such as computer discs or hard drives), computer-generated electronic mail ("e-mail") that is in your actual or constructive possession, custody or control, or the existence of which you have knowledge and, whether prepared, published or released by you or any other person. It includes, without limitation, any binder, cover note, certificate, letter, correspondence, memorandum, book, record, table, chart, exhibit, index, analysis, graph, schedule, report, evaluation, test, study, note, list, appointment book, diary, log, calendar, telex, facsimile, message, bulletin, questionnaire, bill, purchase order, contract, memorandum of contract, agreement, assignment, blueprint, drawing, diagram, application, license, permit, ledger, ledger entry, book of account, check, order, invoice, receipt, statement, financial data, acknowledgement, proposal, budget material, information contained in, on or retrievable from computer hard drives, information contained in, on or retrievable from computer-generated e-mail systems, computer or data processing card, computer or data processing disk or diskette, zip file, computer-generated matter, computer back-up tapes, photograph, photographic negative, audiotape, cassette tape, phonograph recording, transcript or log of such recording, projection, videotape, film, microfiche, motion, petition, complaint, answer, response, reply, protest, verified statement, hearing transcript, attachment, filing submission, pleading and all other data compilations from which information can be obtained or translated, reports and/or summaries of investigations, drafts and revisions of drafts of any documents and original preliminary notes or sketches, no matter how produced or maintained, notations of conversations, notations of telephone calls, notations of any other type of communications, information contained in any computer although not printed out, whether in machine readable or other form. The term "Document" or

"Documents" as used herein shall also include each copy that is not identical to the original and the preliminary drafts of any document or working paper related thereto.

G. The terms "You" and "Your" and "Yourself", as used herein, shall mean and refer to the Defendant and all of its subsidiaries, agents, directors, representatives, employees, servants, supervisors, managers, affiliates, subsidiaries, advisors, attorneys, predecessors and successors in interest and all other persons acting or purporting to act on its behalf.

H. The terms "Person" or "Persons", as used herein, shall include any natural person, or any business, legal, or governmental entity or association.

I. The term "Identify", as used herein, in reference to any natural person, means to provide the following information: his or her full name, last known address, last known place of employment, last known telephone number(s) and last known e-mail address(es).

J. The term "Identify", as used herein, in reference to any person other than a natural person, shall include: its name, its last known address of its principal place of business, its legal status and the governmental entity under whose laws it is organized and/or operating.

K. The term "Identify", as used herein, in reference to any document or written communication, means to provide the following information: the type of document, its general subject matter, its date and its author(s), addressee(s) and recipient(s).

L. "Relating to" means having any connection with the topic of the Interrogatory or having some logical or causal connection between the information and the topic of the Interrogatory.

M. "Lawsuit" shall mean the above-captioned action.

N. The term "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise), including but not limited to any oral or written statement, dialogue, colloquy, discussions or conversation, and also means any transfer of thoughts or ideas between persons by means of documents and includes any transfer of data from one location to another by electronic or similar means.

O. If not expressly stated, the term "control" means in your possession, custody, or control or under your direction, and includes in the possession, custody or control of those under the direction of you or your employees, subordinates, counsel, accountant, consultant, expert, parent or affiliated corporation, and any person purporting to act on your behalf.

P. "Each" shall mean each and every.

Q. "And" and "or" are used herein both in the conjunctive and disjunctive as befits the context.

R. The use of the singular shall include the plural and the use of the plural herein shall include the singular.

S.  As used herein, "Loan Employee" or "Loan Employees" shall mean and refer to any overtime exempt-classified loan support positions, including but not limited to Loan Openers, Loan Closers, and Loan Processors (a/k/a Account Managers), and similarly situated current and former employees of Defendant holding comparable positions but different titles, working at any and all of Defendant's locations, regions, and/or divisions in those positions during the Material Time.

T.  As used herein, "FLSA" shall mean the Fair Labor Standards Act and constitute every section cited in the Collective and Class Action Complaint.

U.  As used herein, "Massachusetts Wage and Hour Law" shall mean Mass. Gen. L. c. 151 §§ 1A, 1B and accompanying regulations, and Mass. Gen. L. c. 149, § 148, and shall constitute every section cited in the Collective and Class Action Complaint.

V.  As used herein, "NJWHL" shall mean New Jersey State Wage and Hour Law ("NJWHL"), and shall constitute every section cited in the Collective and Class Action Complaint.

W.  As used herein, "NYLL" shall mean the New York Labor Law, Article 6, §§ 190, *et seq.*, and Article 19, §§ 650, *et seq,* and shall constitute every section cited in the Collective and Class Action Complaint.

X.  As used herein, "State Wage Laws" shall mean together the NJWHL, New York Wage and Hour Law, and Massachusetts Wage and Hour Law.

Y.  As used herein, the term "work" shall be interpreted in the broadest sense of the word, and shall include any and all time performing tasks directed by Defendant and/or for Defendant's benefit.

Z.  As used herein, "Material Time" refers to the period from April 7, 2019, through final resolution of this action as to all Loan Employees in New York and New Jersey, and April 7, 2022, through final resolution of this action as to all Loan Employees anywhere else in the United States outside of New York and New Jersey.

AA.    Unless otherwise indicated, each Interrogatory is to be construed as encompassing all information that pertains to the stated subject matter and to events that transpired during the Material Time.

BB.    If an answer or document is withheld based on a claim or privilege or other protection, then for each such answer or document: (1) identify the privilege, (2) the factual basis for the claim in sufficient detail so as to permit an adjudication of the validity of the claim and (3) if it is a document, then identify it by its general subject matter, its date, its author and its addressee.

CC.    If you respond to any of these Interrogatories by producing documents, the instructions contained in the Requests for Production served in this lawsuit shall apply.

4

DD.    This First Set of Interrogatories is continuing in nature and requires a continuing duty to promptly supplement your responses with any information that becomes available to you at any time up to the conclusion of the proceedings herein.

EE. Terms not defined herein shall have their plain and ordinary meaning, except that terms of art shall be understood to have the same meaning attributed to them by the U.S. Department of Labor.

FF. Definitions set forth in the Collective and Class Action Complaint (as may have been amended, collectively, "Collective and Class Action Complaint") and the Answer to Complaint and Affirmative Defenses (as may have been amended, collectively, "Answer to Complaint"), if any, are incorporated.

## INTERROGATORIES

1. Identify, as the term is defined herein, all Loan Employees during the Material Time including their names, last known address(es), last known telephone number(s), last known e-mail address(es), dates of employment as Loan Employees, official job title(s) held as Loan Employees, and locations of employment.

2. Identify, as the term is defined herein, all current and former Loan Employees who at any point during the Material Time reported to the same supervisors that Plaintiffs and Opt-Ins reported to when they were Loan Employees, regardless of the department, division, location, region, or territory, in which any such supervisor worked, and for each such individual identified, please state their dates of employment as Loan Employees, official job title(s) held as Loan Employees, the location(s) in which they were employed.

3. Identify, as the term is defined herein, all current and former Loan Employees who at any point during the Material Time worked in, or otherwise reported to, the same location(s) as that Plaintiffs and Opt-Ins worked in, or otherwise reported to, when they were Loan Employees, and for each such individual identified, please state their dates of employment as Loan Employees, official job title(s) held as Loan Employees, the location(s) in which they were employed.

4. Identify, as the term is defined herein, all current and former employees of Defendant, regardless of title, who worked at and/or reported to the same locations as Plaintiffs and Opt-Ins while they were employed as Loan Employees, including their names, last known address(es), last known telephone number(s), last known e-mail address(es), dates of employment, official job title(s) held, and locations of employment.

5. Identify, as the term is defined herein, all employees who had any supervisory

6

responsibilities over Plaintiffs and/or Opt-Ins as Loan Employees, including their immediate supervisors and anyone with indirect supervisory responsibility over Plaintiffs and/or Opt-Ins, including Plaintiffs' and/or Opt-Ins' supervisors' supervisors, as well as their position and/or title and the dates during which Plaintiffs and/or Opt-Ins were under the supervision of each.

6. Describe the job duties and responsibilities of Loan Employees during the period they were classified as exempt by Defendant and identify, by title, any of Defendant's position(s) with the same or similar duties and responsibilities as Loan Employees, regardless of title and regardless of product or service such individuals were associated with.

7. Describe all training provided by Defendant to Loan Employees, including but not limited to the substance of the training and describe each written document provided to Loan Employees in connection with such training, its date, author(s), title, subject matter and recipient(s), and to what extent there are different training programs associated with the region(s), division(s), department(s), location(s), and/or product(s) and services to which Loan Employees may be assigned.

8. Identify, as the term is defined herein, the categories or types of documents that show or indicate hours worked by Loan Employees, including Plaintiffs and Opt-Ins, including but not limited to time records, timesheets, work schedules, training schedules, training course curriculums and schedules, alarm logs, garage or gate access logs, security logs, security camera video, and log-in/out records for Defendant's computer systems, such as computer stations, e-mail accounts (including e-mails to and from accounts to which Loan Employees' direct supervisors had access which evidence time worked by Loan Employees), intranet systems, virtual private network systems, computer-based training

7

systems (including records showing the date and time of completion of such computer-based training), and telephone systems. This includes all records from which hours worked may be obtained, even if that document or record is used for a purpose other than keeping time.

9. Identify, as the term is defined herein, the person(s) with primary responsibility for Defendant's decision to classify and/or re-classify, and thereafter maintain Loan Employees as exempt or nonexempt from the overtime requirements of federal and/or state law(s).

10. Identify, as the term is defined herein, each person whom Defendant contacted, interviewed, or communicated with about the allegations in or subject matter the Collective and Class Action Complaint filed in this matter, and any subsequent amendments to same, and the Answer to Complaint filed in this matter, and any subsequent amendments to same, including but not limited to current or former employees of Defendant.

11. Within the nine years prior to the filing of the Collective and Class Action Complaint in this matter to present, if Defendant or any entity owned in whole or in part by Defendant has been sued or investigated by the U.S. Department of Labor or has received an informal or formal complaint or claim, or demand or lawsuit from, any employee regarding overtime compensation for work done by any Loan Employee, state the name of the claimant, date when initiated, location where initiated, forum where pursued, status, the result, and describe in detail the factual basis of the suit, claim and/or investigation.

12. Identify all Affirmative Defenses that are being sought for all Loan Employees, and all facts supporting each of Defendant's defenses, whether affirmative in nature or otherwise, including but not limited to any "good faith" or "lack of willfulness" defenses, and for each

8

defense upon which you rely, identify (a) the records and documents relied upon; and (b) all witnesses with knowledge of the facts underlying each exemption. If the Affirmative Defenses are different as to different Loan Employees, please identify which Affirmative Defense applies to which Loan Employees.

13. Identify and describe any audit, study, and/or analysis related to the amount of time spent by Loan Employees performing tasks or duties, whether absolutely or comparatively, including but not limited to time studies, motion studies, and/or observational studies, and all documents related to any such audit, study and/or analysis.  In Defendant's response, state: whether any such audit, study, and/or analysis occurred; the individuals involved in creating, conducting and/or reviewing such audit, study and/or analysis; when any such audit, study, and/or analysis occurred, and; the findings of such audit, study and/or analysis.

Dated: November 19, 2025          Respectfully Submitted,
       Boca Raton, FL

                                  */s/ Paolo Meireles*
                                  Paolo Meireles*
                                  Gregg I. Shavitz*
                                  Tamra Givens*
                                  SHAVITZ LAW GROUP, P.A.
                                  622 Banyan Trail, Suite 200
                                  Boca Raton, FL  33431
                                  (561) 447-8888
                                  pmeireles@shavitzlaw.com
                                  gshavitz@shavitzlaw.com
                                  tgivens@shavitzlaw.com

                                  Hillary Schwab (BBO# 666029)
                                  FAIR WORK, P.C.
                                  192 South Street, Suite 450
                                  Boston, MA 02111
                                  (617) 607-3261
                                  hillary@fairworklaw.com

                                  Counsel for Plaintiffs, the Putative Collective, and
                                  Putative Classes

*Pro Hac Vice* Admitted

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, on November 19, 2025, that the foregoing document was served

on all counsel of record, listed below, via e-mail and U.S. First Class Mail.

*/s/ Paolo Meireles*
Paolo C. Meireles

Sarah B. Herlihy, BBO # 640531
Herlihy Law LLC
54 Piedmont Street
Boston, MA 0216
sherlihy@herlihylawllc.com
(617) 755-3869