**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| **AIDA PEREZ** *et al.*, on behalf of themselves and all others similarly situated,<br><br>**Plaintiffs,**<br>    -against-<br><br>**EQUITY PRIME MORTGAGE, LLC,**<br><br>**Defendant.** | **Case No. 1:25-CV-10841-MJJ** |

**PLAINTIFFS' FIRST SET OF REQUESTS**
**FOR PRODUCTION OF DOCUMENTS TO DEFENDANT**

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Massachusetts ("Local Rules"), Plaintiffs AIDA PEREZ ("Perez"), DAYANARA VELASQUEZ ("Velasquez"), and BETSAIDA JARVIS ("Jarvis") (together, "Plaintiffs"), request that Defendant EQUITY PRIME MORTGAGE, LLC ("Defendant") produce the documents requested herein for the purposes of inspection and copying within thirty (30) days after service hereof, in accordance with the instructions and definitions below.

1

## **DEFINITIONS**

For the purposes of these requests, the following definitions shall apply:

A.  All definitions and rules of construction set forth in the Federal Rules of Civil Procedure and the United States District Court for the District Massachusetts shall apply to all requests herein.  All definitions contained herein, supplement, but do not restrict such definitions.

B.  "Plaintiff" or "Plaintiffs" means all persons identified as Plaintiffs in the caption.

C.  "Opt-Ins" means all persons who have filed consent forms to join this matter anytime during the pendency of this litigation.

D.  "Defendant" or "Equity Prime" refers to the Defendant, EQUITY PRIME MORTGAGE, LLC, however substituted or amended.

E.  The use of the singular shall include the plural and vice versa and the masculine form of any word includes the feminine and vice versa.

F.  The term "Document" or "Documents", as used herein, shall include, without limitation any written, typed, printed, recorded, graphic, computer generated or other matter of any kind from which information can be derived, whether produced, reproduced or stored on paper, cards, tape, film, electronic facsimile, computer storage devices (such as computer discs or hard drives), computer-generated electronic mail ("e-mail") that is in your actual or constructive possession, custody or control, or the existence of which you have knowledge and, whether prepared, published or released by you or any other person.  It includes, without limitation, any binder, cover note, certificate, letter, correspondence, memorandum, book, record, table, chart, exhibit, index, analysis, graph, schedule, report, evaluation, test, study, note, list, appointment book, diary, log, calendar, telex, facsimile, message, bulletin, questionnaire, bill, purchase order, contract, memorandum of contract, agreement, assignment, blueprint, drawing, diagram, application, license, permit, ledger, ledger entry, book of account, check, order, invoice, receipt, statement, financial data, acknowledgement, proposal, budget material, information contained in, on or retrievable from computer hard drives, information contained in, on or retrievable from computer-generated e-mail systems, computer or data processing card, computer or data processing disk or diskette, zip file, computer-generated matter, computer back-up tapes, photograph, photographic negative, audiotape, cassette tape, phonograph recording, transcript or log of such recording, projection, videotape, film, microfiche, motion, petition, complaint, answer, response, reply, protest, verified statement, hearing transcript, attachment, filing submission, pleading and all other data compilations from which information can be obtained or translated, reports and/or summaries of investigations, drafts and revisions of drafts of any documents and original preliminary notes or sketches, no matter how produced or maintained, notations of conversations, notations of telephone calls, notations of any other type of communications, information contained in any computer although not printed out, whether in machine readable or other form.  The term "Document" or

"Documents" as used herein shall also include each copy that is not identical to the original and the preliminary drafts of any document or working paper related thereto.

G. The terms "You" and "Your" and "Yourself", as used herein, shall mean and refer to the Defendant and all of its subsidiaries, agents, directors, representatives, employees, servants, supervisors, managers, affiliates, subsidiaries, advisors, attorneys, predecessors and successors in interest and all other persons acting or purporting to act on its behalf.

H. The terms "Person" or "Persons", as used herein, shall include any natural person, or any business, legal, or governmental entity or association.

I. The term "Identify", as used herein, in reference to any natural person, means to provide the following information: his or her full name, last known address, last known place of employment, last known telephone number(s) and last known e-mail address(es).

J. The term "Identify", as used herein, in reference to any person other than a natural person, shall include: its name, its last known address of its principal place of business, its legal status and the governmental entity under whose laws it is organized and/or operating.

K. The term "Identify", as used herein, in reference to any document or written communication, means to provide the following information: the type of document, its general subject matter, its date and its author(s), addressee(s) and recipient(s).

L. "Relating to" means having any connection with the topic of the Request or having some logical or causal connection between the information and the topic of the Request.

M. "Lawsuit" shall mean the above-captioned action.

N. The term "Communication" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise), including but not limited to any oral or written statement, dialogue, colloquy, discussions or conversation, and also means any transfer of thoughts or ideas between persons by means of documents and includes any transfer of data from one location to another by electronic or similar means.

O. If not expressly stated, the term "control" means in your possession, custody, or control or under your direction, and includes in the possession, custody or control of those under the direction of you or your employees, subordinates, counsel, accountant, consultant, expert, parent or affiliated corporation, and any person purporting to act on your behalf.

P. "Each" shall mean each and every.

Q. "And" and "or" are used herein both in the conjunctive and disjunctive as befits the context.

R. The use of the singular shall include the plural and the use of the plural herein shall include the singular.

3

S.  As used herein, "Loan Employee" or "Loan Employees" shall mean and refer to any overtime exempt-classified loan support positions, including but not limited to Loan Openers, Loan Closers, and Loan Processors (a/k/a Account Managers), and similarly situated current and former employees of Defendant holding comparable positions but different titles, working at any and all of Defendant's locations, regions, and/or divisions in those positions during the Material Time.

T.  As used herein, "FLSA" shall mean the Fair Labor Standards Act and constitute every section cited in the Collective and Class Action Complaint.

U.  As used herein, "Massachusetts Wage and Hour Law" shall mean Mass. Gen. L. c. 151 §§ 1A, 1B and accompanying regulations, and Mass. Gen. L. c. 149, § 148, and shall constitute every section cited in the Collective and Class Action Complaint.

V.  As used herein, "NJWHL" shall mean New Jersey State Wage and Hour Law ("NJWHL"), and shall constitute every section cited in the Collective and Class Action Complaint.

W.  As used herein, "NYLL" shall mean the New York Labor Law, Article 6, §§ 190, *et seq.*, and Article 19, §§ 650, *et seq,* and shall constitute every section cited in the Collective and Class Action Complaint.

X.  As used herein, "State Wage Laws" shall mean together the NJWHL, New York Wage and Hour Law, and Massachusetts Wage and Hour Law.

Y.  As used herein, the term "work" shall be interpreted in the broadest sense of the word, and shall include any and all time performing tasks directed by Defendant and/or for Defendant's benefit.

Z.  As used herein, "Material Time" refers to the period from April 7, 2019, through final resolution of this action as to all Loan Employees in New York and New Jersey, and April 7, 2022, through final resolution of this action as to all Loan Employees anywhere else in the United States outside of New York and New Jersey.

AA.    The term "Produce" means to produce in accordance with paragraphs A through S in the Instructions.

BB.    Terms not defined herein shall have their plain and ordinary meaning, except that terms of art shall be understood to have the same meaning attributed to them by the U.S. Department of Labor.

CC.    Definitions set forth in the Collective and Class Action Complaint (as may have been amended, collectively, "Collective and Class Action Complaint") and the Answer to Complaint and Affirmative Defenses (as may have been amended, collectively, "Answer to Complaint"), if any, are incorporated.

4

## **INSTRUCTIONS**

For the purposes of these Requests, the following instructions shall apply:

A.  You are required to obtain and furnish all information available to you and any of your representatives, divisions, employees, agents, brokers or servants and to obtain and furnish all information that is in your possession or under your control, or in the possession or under the control of any of your representatives, employees, agents or servants.

B.  Each Request which seeks information relating in any way to communications from or within a business or corporate entity, is hereby designated to demand and should be construed to include all communications by and between representatives, employees, agents, brokers or servants of the business or corporate entity.

C.  Each Request should be responded to separately.  However, a document, which is responsive to more than one Request, may, if the relevant portion is marked or indexed, be produced and referred to in a later response.

D.  Pursuant to FED. R. CIV. P. 34(b), all documents produced shall be segregated and identified by the paragraphs to which they are primarily responsive.  Where required by a particular paragraph of these Requests, documents produced shall be further segregated and identified as indicated in this paragraph.  For any documents that are stored or maintained in files in the normal course of business, such documents shall be produced in such files, or in such a manner as to preserve and identify the file from which such documents were taken.  In addition, any documents being produced electronically should be produced as searchable PDFs.

E.  If any document responsive to these Requests is withheld based on a claim of privilege or other protection, for each such document: (1) identify the withheld document--including its general subject matter, its date, its author and its addressee, (2) state the privilege or other grounds for withholding the document and (3) state the factual basis for the claim in sufficient detail so as to permit an adjudication of the validity of the claim.

F.  If you object to part of any Request, please furnish documents responsive to the remainder of the Request.

G.  All documents produced in response to this First Set of Requests for Production of Documents shall be produced in whole, notwithstanding that portions thereof may contain information not requested.

H.  If any documents requested herein have been lost or destroyed, the documents so lost or destroyed shall be identified by author, date and subject matter.

I.  With respect to any document requested which was once in your possession, custody or control, but no longer is, please indicate the date the document ceased to be in your possession, custody or control, the manner in which it ceased to be in your possession,

5

custody and control and the name and address of its present custodian.

J.  These Requests are continuing in nature and require a continuing duty to promptly supplement the production with documents obtained subsequent to the preparation and filing of a response to each Request.

K.  Unless otherwise indicated, each Request is to be construed as encompassing all information that pertains to the stated subject matter and to events that transpired during the Material Time.

L.  All scanned paper, email and native file collections should be converted or processed to TIFF files, Bates numbered and include fully searchable text.  Additionally, email, Excel, and native file collections should include linked native files.  That means, for example, that a document that was originally created as a Microsoft Word file or an Excel spreadsheet must be produced as a .doc or .xls file (or successor), without redaction of metadata.

M.  All images should be single-page, Group IV TIFF files, scanned at 300 dpi.  File names should not contain embedded spaces.  The number of TIFF files per folder should not exceed 500 files.

N.  For PowerPoint files, all pages of the file should be scanned in full slide image format, with any speaker notes following the appropriate slide image.  For AUTOCAD / photographs, files should be scanned to single page JPEG (.JPG) file format.

O.  Documents should be produced with the Concordance Image® Cross-Reference File which is needed to link the images to the database.  It is a comma-delimited file consisting of seven fields per line.  There must be a line in the cross-reference file for every image in the database.

P.  All ESI and scanned images should be produced in accordance with the U.S. Securities and Exchange Commission's ("SEC") data delivery standards.  The text and metadata of Email and the attachments, and native file document collections should be extracted and provided in a DAT file using the standard SEC fields.

Q.  Searchable text of the entire document must be provided for every record, at the document level.  Extracted text must be provided for all documents that originated in electronic format.  The text files should include page breaks that correspond to the "pagination" of the image files.  Note: Any document in which text cannot be extracted must be OCR'd, particularly in the case of PDFs without embedded text.

R.  For Linked Native Files, copies of original email and native file documents / attachments must be included for all electronic productions.  Native file documents must be named per the FIRST BATES number.  The full path of the native file must be provided in the .DAT file for the LINK field.  The number of native files per folder should not exceed 500 files.

S.  Files may be produced via e-mail to pmeireles@shavitzlaw.com, tgivens@shavitzlaw.com,

and hillary@fairworklaw.com, or by delivering a disk to the undersigned addresses.

## DOCUMENTS REQUESTED

**Request No. 1:**

Computerized and machine-readable data containing the following information for each Loan Employee during the Material Time: (1) name; (2) last known telephone number(s); (3) last known e-mail address(s); (4) last known address(es); (5) work location(s), including city and state; (6) start and end dates in a Loan Employee job title (or number of workweeks worked); (7) each individual's title(s) as a Loan Employee, and; (7) average pay (or starting and ending pay) of each Loan Employee, showing the breakdown of regular earnings and other non-discretionary earnings, including but not limited to bonuses and commissions paid, if any.

**Request No. 2:**

Documents that list the locations, districts, states, and/or regions at which Loan Employees work or worked in the United States of America, at any time during the Material Time.

**Request No. 3:**

Documents that refer, relate or pertain to Plaintiffs and Opt-Ins, including, but not limited to, their complete personnel files, electronic mail accounts, personnel status or action notices, reprimands, discipline notices or warnings, employment applications, applications for or records of promotions or transfers, and commendations.

**Request No. 4:**

Documents that show, for each pay period during the Material Time, the amounts paid to, and deductions taken from, Plaintiffs and Opt-Ins.

**Request No. 5:**

Documents that reflect, for each pay period during the Material Time, the number of hours worked by Plaintiffs and Opt-Ins as Loan Employees, including but not limited to time records,

timesheets, work schedules, training schedules, training course curriculums and schedules, alarm logs, garage or gate access logs, security logs, security camera video, and log-in/out records for Defendant's computer systems, such as computer stations, e-mail accounts (including e-mails to and from accounts to which Loan Employees' direct supervisors had access which evidence time worked by Loan Employees), intranet systems, virtual private network systems, computer-based training systems (including records showing the date and time of completion of such computer-based training), and telephone systems. This includes all records from which hours worked may be obtained, even if that document or record is used for a purpose other than keeping time.

**Request No. 6:**

Documents that constitute, reflect, pertain or refer to work and/or training schedules for Plaintiffs and Opt-Ins as Loan Employees.

**Request No. 7:**

Documents that constitute, reflect, pertain or refer to Defendant's policies, practices and guidelines for tracking, recording, and/or maintenance of hours worked by Loan Employees while, including overtime hours.

**Request No. 8:**

Documents that constitute, reflect, pertain or refer to Defendant's policies and practices regarding the minimum, recommended, suggested, permitted or required numbers of hours that Loan Employees were expected and/or encouraged to work per week.

**Request No. 9:**

Documents that constitute, reflect or contain job descriptions for Loan Employees.

**Request No. 10:**

Job postings, advertisements or other vacancy listings identifying, describing or referring

to Defendant's Loan Employees.

**Request No. 11:**

Documents that constitute, refer to or reflect the hiring criteria used by Defendant in hiring Loan Employees, including, but not limited to, all documents relating to the any screening policies or minimum standards for hiring Loan Employees, as well as any forms, standards, protocols or procedures for hiring Loan Employees.

**Request No. 12:**

Documents that refer to, discuss or relate to the training of Loan Employees in the performance of their tasks, assignments, duties or functions, whether by person, computer or other means, including, but not limited to, orientation materials, curricula, syllabi, training materials, reading materials, handouts, instructors' materials, tests and answer keys, videotapes, assignments, and scripts and/or checklists which were provided to Loan Employees while in training.

**Request No. 13:**

Documents relating to policies, procedures and/or standards for performance evaluations, other reviews, promotion and/or discipline of Loan Employees.

**Request No. 14:**

All documents reflecting Plaintiffs' and Opt-Ins' performance as Loan Employees, including but not limited to sales records, sales reports, sales goals, loan closing records, loan closing reports, loan closing goals, coaching reports, and incentive pay reports.

**Request No. 15:**

Documents that reflect, pertain, relate or refer to any audit, study, time study, evaluation, or analysis of the time spent by Loan Employees on any task or job duty. This Request is not

limited to the Material Time.

**Request No. 16:**

All versions of corporate and/or organizational charts that reflect, pertain, relate or refer to all of Defendant's operations, locations, and/or business units (whether distinguished by product or service offering, or otherwise) in which Loan Employees were employed, and persons whom Loan Employees reported to, from the local level, up through the local, district and/or regional levels.

**Request No. 17:**

Documents which evidence the terms and conditions of Loan Employees' employment with Defendant, including all company and personnel manuals, employee handbooks, and new hire orientation materials that Loan Employees were provided by Defendant or that applied to Loan Employees.

**Request No. 18:**

Documents that reflect, pertain, relate, or refer to wages, salaries, commissions, compensation methods, compensation plans and/or bonuses for Loan Employees.

**Request No. 19:**

Documents relating to reports or complaints, whether formal or informal, or written or verbal, by or on behalf of Loan Employees regarding wage and hour issues, including but not limited to Defendant's failure to pay for all hours worked including overtime hours for Loan Employees, and any responses by management or agents of Defendant, from nine years prior to the filing of the Collective and Class Action Complaint through present.

**Request No. 20:**

Documents, including but not limited to complaints, answers, discovery requests, discovery responses, deposition transcripts, motion papers and any supporting documents submitted in connection with such motions and trial transcripts from any federal or state lawsuit or administrative action filed by a Loan Employees or administrative agency against Defendant relating to any wage and hour, minimum wage or overtime claim relating to Loan Employees. This Request is not limited by any date/time parameters.

**Request No. 21:**

Documents relating to the classification and/or re-classification of Loan Employees as exempt or non-exempt from entitlement to overtime pay under state and/or federal law, including but not limited to:

(a) internal communications relating to the classification and/or re-classification of Loan Employees as exempt or non-exempt employees and their entitlement to overtime pay;

(b) documents between Defendant and any advisor or consultant (including wage and hour audits) relating to the classification and/or rec-classification of Loan Employees as exempt or non-exempt employees and their entitlement to over overtime pay;

(c) documents relating to rulings, decisions or opinions rendered by, or sought or received from, any federal or state court or administrative agency (including but not limited to the Department of Labor) relating to the issue of whether Loan Employees are exempt or non-exempt from overtime.

This Request is not limited by any date/time parameters.

**Request No. 22:**

Documents obtained pursuant to subpoena, release or authorization relating to this Lawsuit.

12

**Request No. 23:**

Documents supporting, negating, or otherwise relating to any defenses relied upon by Defendant, whether affirmative in nature or otherwise, and/or as set forth in Defendant's Answer to Complaint and Affirmative Defenses.  With respect to any responsive documents related to Defendant's good faith and/or lack of willfulness defenses, this Request is not limited by any date/time parameters.

**Request No. 24:**

Documents related to Defendant's communications with any individual or entity regarding this lawsuit. This Request does not seek communications between Defendant and their counsel regarding this lawsuit.

**Request No. 25:**

Any and all documents identified in Defendant's Initial Disclosures.

**Request No. 26:**

Any and all documents or records relied upon as a basis for responding to Plaintiffs' First Set of Interrogatories to Defendant.

Dated: November 19, 2025            Respectfully Submitted,
     Boca Raton, FL

                                            ***/s/ Paolo Meireles***
                                            Paolo Meireles*
                                            Gregg I. Shavitz*
                                            Tamra Givens*
                                            SHAVITZ LAW GROUP, P.A.
                                            622 Banyan Trail, Suite 200
                                            Boca Raton, FL  33431
                                            (561) 447-8888
                                            pmeireles@shavitzlaw.com
                                            gshavitz@shavitzlaw.com
                                            tgivens@shavitzlaw.com

                                          Hillary Schwab (BBO# 666029)
                                          FAIR WORK, P.C.

192 South Street, Suite 450
Boston, MA 02111
(617) 607-3261
hillary@fairworklaw.com

Counsel for Plaintiffs, the Putative Collective, and
Putative Classes

*Pro Hac Vice* Admitted

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, on November 19, 2025, that the foregoing document was served

on all counsel of record, listed below, via e-mail and U.S. First Class Mail.

*/s/ Paolo Meireles*
Paolo C. Meireles

Sarah B. Herlihy, BBO # 640531
Herlihy Law LLC
54 Piedmont Street
Boston, MA 0216
sherlihy@herlihylawllc.com
(617) 755-3869

14