**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

---

**AIDA PEREZ *et al.*, on behalf of themselves and all others similarly situated,**

**Plaintiffs,**

-against-

**EQUITY PRIME MORTGAGE, LLC,**

**Defendant.**

**Case No. 1:25-CV-10841-MJJ**

---

**PLAINTIFFS' NOTICE OF DEFENDANT'S NON-OPPOSITION TO
PLAINTIFFS' MOTION FOR SANCTIONS [ECF NO. 34]**

Plaintiffs, on behalf of themselves and all others similarly situated, by and through the undersigned counsel, hereby file this notice of Defendant's non-opposition to Plaintiffs' Motion for Sanctions [ECF No. 34] ("Motion for Sanctions"), by virtue of Defendant's failure to timely file an opposition to same, and state:

1.      On March 14, 2026, Plaintiffs filed their Motion for Sanctions, asserting, among other things, that Defendant has refused to comply with the Court's February 11, 2026 Order [ECF No. 33], which granted Plaintiffs' Motion to Compel and Ordering Defendant's production in compliance therewith.  ECF No. 33.

2.      Defendant's opposition to Plaintiffs' Motion to for Sanctions was due on or before Monday, March 30, 2026.  Local Rule 37.1(c) ("opposing party may respond to the memorandum within 14 calendar days").

3.      As of the date of this filing, April 1, 2026, Defendant is yet to file **any** opposition to Plaintiffs' Motion for Sanctions.  As of the date of this filing, Defendant is yet to file with this

Court any motion for extension of its deadline to file an opposition to Plaintiffs' Motion for Sanctions.[1]

4.    As of the date of this filing, Defendant is **still** yet to comply with the Court's Order as detailed in Plaintiffs' Motion for Sanctions.  Since the filing of Plaintiffs' Motion for Sanctions, Defendant has not made **any** supplemental productions in an effort to comply with the Court's February 11, 2026 Order, including failing to provide **any** responses to Interrogatories and failing to produce all responsive documents (including documents it advised it has and would otherwise produce *weeks* ago).  *See* Motion for Sanctions, ECF No. 34-1 at pp. 4-7.

5.    Accordingly, Defendant has waived its right to file an opposition to Plaintiffs' Motion for Sanctions, as any such opposition was due on March 30, 2026, and no motion for extension of that deadline was filed with, and/or granted by, the Court.

6.    As a result, respectfully, this Court should grant Plaintiffs' Motion for Sanctions as it is unopposed.

Dated: April 1, 2026                     Respectfully submitted,
Boca Raton, Florida

                                         *s/ Paolo Meireles*
                                         Paolo Meireles*
                                         Tamra Givens*

---

[1]    On March 31, 2026, one day **after** Defendant's deadline to file an opposition to the Motion for Sanctions, Defendant sent an email to "steve_york@mad.iscoirts.gov" copying some, but not all, of Plaintiffs' counsel who have appeared in this case. Defendant's e-mail read, "I had a significant computer issue yesterday before filing the opposition to docket no 34, requiring replacing my entire computer.  I should have my computer and files restored from back up later this morning and will be filing the opposition with a motion for a 1 day extension as so (*sic*) as my computer is replaced." Attached as **Exhibit 1** is a true and correct copy of Defendant's email.  Putting aside that Defendant did not confer with Plaintiffs in advance of sending this e-mail or thereafter, and that the e-mail appears to be sent to an incorrect Court e-mail address (sent to "mad.**i**scoirts.com" (emphasis added)) likely prompting a "bounce back" to Defendant alerting it of the error; an e-mail telling the Court a motion for one-day extension is forthcoming is not a procedurally appropriate mechanism to seek a deadline extension, particularly one sought *after* the deadline has already passed.  Regardless, since Defendant sent the aforementioned e-mail, it subsequently e-mailed Plaintiffs a letter in .pdf form, which suggests the alleged computer issues, if any, have been resolved. Notwithstanding, as of the time of this filing, Defendant is yet to file any motion for enlargement or any opposition to Plaintiffs' Motion for Sanctions.  Accordingly, the Motion for Sanctions remains unopposed, and Defendant is yet to comply with the Court's February 11, 2026 Order.

The facts set forth above are based upon personal knowledge unless otherwise stated.  If called as a witness, I could and would competently testify thereto.  I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct to the best of my knowledge.

SHAVITZ LAW GROUP, P.A.
622 Banyan Trail, Suite 200
Boca Raton, FL  33431
(561) 447-8888
pmeireles@shavitzlaw.com
tgivens@shavitzlaw.com

Hillary Schwab (BBO# 666029)
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
(617) 607-3261
hillary@fairworklaw.com

*Pro Hac Vice Admitted

**Attorneys for Plaintiffs and the Putative
Collective and Class**

3

## CERTIFICATE OF SERVICE

I certify that on this date I electronically filed the foregoing document with the clerk of court using the Court's CM/ECF system which will automatically send email notification of such filing to all counsel of record.

Dated: April 1, 2026

<u>*s/ Paolo Meireles*</u>
Paolo Meireles*
Tamra Givens*
SHAVITZ LAW GROUP, P.A.
622 Banyan Trail, Suite 200
Boca Raton, FL  33431
(561) 447-8888
pmeireles@shavitzlaw.com
tgivens@shavitzlaw.com

Hillary Schwab (BBO# 666029)
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
(617) 607-3261
hillary@fairworklaw.com

\**Pro Hac Vice* Admitted

**Attorneys for Plaintiffs and the Putative Collective and Class**