**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AIDA PEREZ *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EQUITY PRIME MORTGAGE, LLC,<br><br>Defendant. | Case No. 1:25-CV-10841-MJJ |

## DEFENDANT'S OPPOSITION TO MOTION FOR SANCTIONS

Defendant Equity Prime Mortgage, LLC ("EPM" or "Defendant") opposes Plaintiffs' Motion for Sanctions. Plaintiffs' Motion comes after Defendant produced volumes of responsive documents (some dating back over a decade), discussed the production with Plaintiffs' counsel, and, after a discussion about potential gaps in the production, agreed to again review records to determine if there were additional responsive documents that could be located. This is exactly what is expected in the give and take of discovery. While Plaintiff minimizes Defendant's production, it consists of precisely the type of documents relevant to this limited first stage of discovery and reflects Defendant's good faith engagement in discovery on a matter that the parties settled months ago.[1]

---

[1] Defendant appreciates the Court's extension of time to oppose this Motion. Defendant has still not restored access to all information, including its final Opposition, which has been rewritten. Defendant respectfully requests the opportunity to submit additional information if needed once that access is restored.

**BACKGROUND AND DISCOVERY PRODUCED**

A.    Claims And Settlement Discussions

Plaintiff's counsel contacted EPM in December 2024 alleging that they represented current and/or former employees of EPM with respect to potential claims of employee misclassification and failure to pay wages consistent with the Fair Labor Standards Act ("FLSA") and various state laws.  Dkt. No. 35-1 Kreiner Decl., ¶ 4.  During these discussions, EPM voluntarily provided Plaintiff's counsel with information on the alleged class members, including the number of employees in various jurisdictions in the roles potentially at issue.  Id. at ¶ 9.  EPM also voluntarily provided information on "work weeks" during these discussions.  Dkt. No. 35-2 Herlihy Decl. at ¶ 11 and Exhibit A thereto.

As discussed in EPM's Motion to Enforce Settlement (Dkt. No. 35), Plaintiffs and EPM mediated and continued to engage in settlement discussions.  EPM maintains that a settlement was reached and is enforceable, as discussed in its Motion.  However, during the process of discussing settlement and the terms agreed upon, EPM again voluntarily provided Plaintiffs with a spreadsheet with detailed information on the potential class members.[2]

B.    Defendant's Extensive Production In First Stage Discovery

The scope of discovery at this point in the litigation is discreet and relates to Plaintiffs' claim that they were misclassified and paid on an exempt (salaried) basis when they should have been paid on a non-exempt (hourly) basis.  Plaintiffs contend that they were denied overtime based on this misclassification and seek to proceed as a class action.

---

[2] Counsel's signature below confirms this is a true and accurate statement.  The detailed spreadsheet was provided on November 11, 2025.

2

The parties agreed that discovery would be phased because "the full scope of this case will not be known until it is determined whether Plaintiffs' FLSA action should be conditionally certified as a collective action and whether the Court will allow notice and an opportunity to other allegedly similarly situated employees to "'opt-in.'" Dkt. No. 27, p. 3-4. The current scope of discovery relates to the nature of the claims of the individually-named Plaintiffs and any individual who opts in prior to the end of the first phase of discovery. Id. The parties joint statement noted that this discovery would include information about "their job duties, the work they claim to have performed, and the hours they claim to have worked, as well as conditional certification discovery directed toward the issue of whether Plaintiffs' FLSA claims can be conditionally certified as a collective action." Id.

Defendant has produced over 800 pages of documents responsive to Plaintiffs' discovery requests. These documents were produced via a secure file transfer on February 25, 2026 with a link sent from the file transfer service. When that link apparently was not received, the documents were uploaded to a separate folder four business days later and were received by Plaintiff.[3] Defendant's counsel notified Plaintiff's counsel that she was out on a personal matter, and later indicated the nature of that matter as a medical issue with a parent. See Dkt. No. 34-5 at p. 1 and 34-7 at p. 1.

Plaintiff's attempt to characterize this production as lacking ignores both its volume and its substance. Over 800 pages of documents were produced. The responsive documents include those that go to the core of the matters at issue in this stage of discovery. Defendant produced job descriptions that describe the various positions and requirements that go to the question of

---

[3] Counsel's signature below confirms this is a true and accurate statement.

3

misclassification.  Compensation and personnel record were also produced, along with policies, communications and job postings.[4]

In their meet and confer about discovery, counsel reviewed the requests and what had been produced.  It was clear that Plaintiff expected there to be additional documents, but his expectations often ignored what had been conveyed both in and about the production.  EPM simply does not have a "document"-centric culture.  Indeed, the culture of EPM is reflected in the Communications policy that was produced, which specifically states that calling/speaking is the preferred method of communication, with email considered "outdated" and "inferior."  See Exhibit A hereto.[5]

Defendant did exactly what is expected on a meet and confer.[6]  They listened to the scope of the concerns and committed to reviewing their searches and, if additional documents were found, to producing them.  They also committed to updating discovery responses once those efforts are complete.[7]  Plaintiff's self-serving emails aside, that process is ongoing and expected to complete well in advance of the time needed to complete written and any deposition discovery for this phase of discovery.  The reality is that Defendant's production to date is far more substantial and complete than Plaintiff tries to suggest and reflects good faith engagement in the discovery process.

---

[4] Defendant's Motion to Enforce Settlement describes that EPM changed software providers in 2023, which resulted in some detailed employee information not transferring to the current database.  Dkt. 35-2 at ¶ 11.  EPM made efforts to recover that data from a third-party as part of discovery, which certainly reflects its good faith efforts.

[5] Plaintiff's counsel, by her signature, affirms this to be a true and correct copy of the relevant document.

[6] Notably, it was during this meet and confer that Defendant indicated they would be filing a Motion to Enforce the Settlement and conferred on that issue as well.  See Dkt. No. 35.

[7] As noted above, Defendant's counsel has been attending to a medical issue with a parent and dealing with a technical issue.

**ARGUMENT**

Plaintiff bears the burden of establishing that sanctions are warranted. F.A.C. v. Cooperativa De Seguros De Vida De P.R., 563 F.3d 1, 3 (1st Cir. 2009). That burden has not been met here. See In Spite Telecom LLC v. Rosciti Constr. Co., 22-cv-12089-IT (D. Mass. Sep 03, 2024). Sanctions require a "finding that a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Id. quoting In re Plaza-Martinez, 747 F.3d 10, 13 (1st Cir. 2014). Sanction "should be used sparingly and reserved for egregious circumstances." F.A.C., 563 F.3d at 6.

Defendant has responded to Plaintiff's document requests with over 800 pages of directly responsive information. To the extent items remain outstanding, Defendant had been direct and forthright about the process it is using to either confirm that the materials do not exist or to locate them – even from third partis. For example, Plaintiff notes that several personnel files for individuals who have opted-in have yet to be produced. However, Plaintiff's submission also recognizes that Defendant informed Plaintiff that the personnel files are password protected and Defendant was working on unlocking them. That is not bad faith, that is exactly the communication expected in the back-and-forth of discovery.

An example of the disconnect between the allegations in Plaintiffs' Motion and Defendant's actual production is Plaintiffs' complaint that Defendant has failed to produce "job policies and procedures applicable to Loan Employees." That is simply not accurate. Plaintiffs acknowledge that Defendant has produced employee handbooks covering the relevant time periods. Employee handbooks are where companies put their job policies and procedures. This example reflects that the core issue here is not one of Defendant acting in bad faith, but of Plaintiffs

ignoring that Defendants have acted in good faith in producing the documents and information requested, even voluntarily and prior to any formal discovery.

## **CONCLUSION**

Defendant respectfully requests that the Court DENY Plaintiff's Motion.

Defendant requests oral argument on this Motion.

Dated: April 1, 2026                    Respectfully Submitted,


                                        Respectfully submitted,

                                        EQUITY PRIME MORTGAGE, LLC
                                        By its attorneys,
                                        */s/ Sarah B. Herlihy*
                                        Sarah B. Herlihy, BBO # 640531
                                        Herlihy Law LLC
                                        54 Piedmont Street
                                        Boston, MA  0216
                                        sherlihy@herlihylawllc.com
                                        (617) 755-3869

## **CERTIFICATE OF SERVICE**

I certify that on the foregoing date I served a copy of the foregoing document on counsel for the Plaintiff using the Court's ECF system.

                                        */s/ Sarah B. Herlihy*
                                        Sarah B. Herlihy